**FIRST CITY FEDERAL SAVINGS BANK, Plaintiff,**

v.

**Harold E. REGISTER and Margaret A. Register, Defendants.**

No. 87 Civ. 7915 (MP).

United States District Court, S.D. New York.

Jan. 26, 1988.

Bizar D'Alessandro Shustak & Martin, New York City, for plaintiff; by Gayle S. Sanders, Susan C. Stanley.

Wagner McNiff & Di Maio, New York City, for defendants; by Thomas J. Di Maio.

OPINION

MILTON POLLACK, Senior District Judge.

The defendants are moving, pursuant to 28 U.S.C. § 1404(a), for a change of venue to the Southern District of Florida.

This is an action to recover on a promissory note and to foreclose on a related security agreement. Service of process was made upon the defendants in Florida. The defendants have not challenged this Court's personal jurisdiction over them.

*Background*

The defendants are residents of Florida. Five years ago Dr. Harold E. Register suffered a stroke and was forced to retire from his medical practice. Because Dr. Register received significant nonrecurring taxable income in 1985, the defendants invested in a tax shelter, involving windmills, which promised substantial tax write-offs for 1985 due to financial leverage. The limited partnership units were marketed by promoters based in Virginia. The defendants purchased one $42,000 unit, which was 93% financed by the plaintiff bank.[1] The $39,000 note was secured by an assignment of the defendants' right, title and interest in and to the partnership.

The Internal Revenue Service subsequently determined that the partnership's wind turbines were not "placed in service" in 1985 and, consequently, the partnership was not entitled to energy and investment tax credits or depreciation deductions for 1985.

The defendants allege that they were fraudulently induced to purchase an inter-

---

1. The defendants signed a letter engaging a purported intermediary to assist them in obtaining financing. This letter and all documents from the intermediary and the plaintiff bank were sent to the defendants by the promoters.

est in the partnership and to execute the note as a result of solicitations by persons who were agents both of the promoters and of the bank.

The defendants defaulted in making further·payments on the note. After making a demand, the bank instituted this action seeking $32,035 in principal and accrued interest on the note, together with the costs of collection, including reasonable attorney's fees. The plaintiff also seeks orders foreclosing the security agreement and ordering the collateral to be sold.

### Discussion

Section 1404(a) of 28 U.S.C. provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Since all defendants reside in the Southern District of Florida, the action might have been brought there originally. *See* 28 U.S.C. § 1391(a).

While many courts have discussed various factors which may weigh in a transfer decision,[2] the essential criteria remain the convenience to parties and the convenience of witnesses.

The plaintiff's case is made by putting into evidence the note and security agreement, together with evidence of default. The plaintiff, therefore, would not be greatly inconvenienced if the action were to be transferred and the documents instead had to be submitted in the Florida court.

The defendants, on the other hand, would be severely inconvenienced were this action to proceed to trial in New York. Their claimed defenses purportedly require the testimony of the defendants, who reside in Florida, and other witnesses from Florida and Virginia.

Moreover, Dr. Register is in very poor health.[3] His physicians aver that he is unable to travel to New York. He believes, however, that he would be able to attend a trial in Miami, because the federal courthouse is only 15 miles from his home. The defendants also state that Mrs. Register must remain at home to attend to her husband's physical needs.[4]

The defendants also would like to call as hostile witnesses certain employees of the promoters located in Virginia. The defendants claim as a defense that the promoters and their employees made false representations by mail and telephone to the defendants in Florida. The defendants believe that none of these witnesses could be compelled to testify in New York, but that each is subject to the jurisdiction of the Florida court as a third-party defendant.

In addition to defending this action by asserting that they were induced to invest in the partnership by fraudulent misrepresentations, the defendants intend to bring legal action against the promoters and certain of their employees. They claim that the evidence which they intend to introduce in defending the present action will be identical to the bulk of the evidence which they would introduce in their claims against these potential parties. The defendants believe that the entire dispute may be more expeditiously and inexpensively disposed of in one district. These potential parties are amenable to suit in Florida, but not in New York.[5]

2. See, e.g., the criteria gathered by Judge Weinfeld in *Schneider v. Sears,* 265 F.Supp. 257, 263 (S.D.N.Y.1967).

3. In addition to suffering the effects of a stroke, Dr. Register has cancer and is confined to a wheelchair. He currently is undergoing chemotherapy and is receiving transfusions and pain medications.

4. The plaintiff has suggested that testimony by Dr. Register, if any is necessary, can be offered by way of a videotape deposition and it is willing to take the defendants' depositions in Florida.

Certainly it would be more convenient for the limited testimony required from the plaintiff's employees to be offered by deposition.

5. The Court also takes judicial notice of the fact that the weighted caseload per judge is less and the median time for disposition of cases is shorter in the Southern District of Florida than in the Southern District of New York. *See* Administrative Office of the U.S. Courts, *Federal Court Management Statistics* (1987).

**238**

### Conclusion

This action is based upon what were predominately Florida transactions. The promoters solicited the defendants in Florida and all of the documents and materials in question herein were sent there. The note and security agreement were induced and executed in Florida. The nexus of the claimed fraud, to which the plaintiff is alleged to have been a conduit, is in Florida.

The plaintiff's inconvenience in prosecuting its claims in Florida is overwhelmed by the convenience to the defendants and their intended witnesses.

Based upon the foregoing, justice requires that the defendants' motion to transfer the action to the Southern District of Florida be granted.

So Ordered