**Stacy WEISS, Plaintiff,**

v.

**Joseph Philip WAYES, Defendant.**

**Civ. No. 89–1276.**

United States District Court,
M.D. Pennsylvania.

Sept. 13, 1990.

for use at trial. Two days before the scheduled deposition, plaintiff's counsel advised defense counsel, that pursuant to Local Rule 403.1, he planned on videotaping the deposition and would provide the necessary equipment. Over defendant's objection, Dr. Holla's testimony was videotaped and the issue has now been submitted to the court in a motion *in limine*. Specifically, plaintiff requests that he be allowed to present his cross-examination of the witness by videotape.

██ The dispute can be best described by identifying the respective positions: defendant contends that, inasmuch as it is his deposition, he should be allowed to decide the manner in which it is presented to the jury,[1] while plaintiff asserts that, in order to evaluate credibility, the jury is entitled to view the demeanor of the witness and the manner in which he testified on cross-examination. In that regard, plaintiff adds, a videotape deposition is the next best thing to the actual appearance in court of the witness.

### Discussion

Fed.R.Civ.P. 32(a)(3) applies where a deposition of a non-party witness is to be offered as substantive evidence at trial. The pertinent part of the rule for our analysis is 32(a)(3)(E), which states:

"(3) the deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:

\* \* \* \* \* \*

(E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."[2]

C. Scott Waters, Williamsport, Pa., Jerold Allen, Master, Donsky, Soffian & Allen, Philadelphia, Pa., for plaintiff.

David E. Heisler, Scranton, Pa., Michael E. McGilvery and James D. Hilly, Labrum and Doak, Philadelphia, Pa., for defendant.

### MEMORANDUM

NEALON, Senior District Judge.

In this diversity action, plaintiff Stacy Weiss seeks damages for personal injuries allegedly incurred in a motor vehicle accident with defendant Joseph Wayes. During the discovery stage, defendant noticed the oral deposition of Dr. P. Shripathi Holla

1. Defendant also claims that plaintiff did not comply with Local Rule 403.2 which requires a party planning to take a videotape deposition to include certain information in the notice or subpoena, such as the name and address of the person being videotaped and the name and address of the videotape operator. However, the parties knew that it was Dr. Holla's deposition that was to be taken, inasmuch as defense coun-

sel submitted appropriate notice some three weeks in advance, and defense counsel was later notified of plaintiff's intent to videotape it. Under the circumstances, this was sufficient compliance with the rule.

2. The parties have apparently agreed on this use for the deposition so that no objection is being advanced for failure to comply with the rule. Consequently, the discussion of Rule 32(a)(3)

As can be seen, the use of a deposition as substantive evidence by a party normally requires a finding by the court that exceptional circumstances exist making it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow it. Even where allowed, it is recognized, nevertheless, as an inferior substitution for live testimony.

> "The restrictions imposed by Rule 32 make it clear that the federal rules have not changed the long established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." Wright & Miller, Federal Practice and Procedure: Civil 2142.

■ A videotape which captures the sight and sound, as well as the demeanor of the witness, would be the preferred way of submitting deposition testimony to a jury. There is significant authority outlining the advantages to the fact-finder in viewing a videotape deposition rather than listening to the reading of a written transcript, usually by an attorney simulating the testimony of the witness. In *United States v. Tunnell*, 667 F.2d 1182 (5th Cir. 1982), the court commented:

> "The videotape made it possible for the trial court to gauge Russell's attitude more accurately than would have been possible with just a cold deposition record. This is a very persuasive argument for the use of videotape depositions in lieu of the traditional transcriptions. The trial judge was able to note Russell's attitude reflected by his motions, facial expressions, demeanor and voice inflections."

*Id.* at 1188. *See Westmoreland v. C.B.S., Inc.*, 584 F.Supp. 1206, 1212 (D.D.C.1984), *reversed on other grounds*, 770 F.2d 1168 (D.C.Cir.1985) ("Of the available alternatives to producing a live witness at trial, a videotape of the witness' deposition is doubtless the most likely to approximate what could be expected from his in-court testimony."); *Sandidge v. Salen Offshore*

*Drilling Co.*, 764 F.2d 252, 259 n. 6 (5th Cir.1985) (citations omitted) ("Courts often refer to the fact-finder's unique advantage in evaluating evidence which comes from observing the demeanor of witnesses appearing in court."); *Rice's Toyota World v. S.E. Toyota Dist.*, 114 F.R.D. 647, 649 (M.D.N.C.1987) ("A video deposition better serves these objectives [accuracy, trustworthiness, and improved judicial procedures] by permitting the fact-finder to utilize a greater portion of his perceptive processes than when merely reading or listening to a stenographic deposition ... [and] ... without the filtering process that occurs when one listens to a deposition being read ...".)

■ Furthermore, either party may use a deposition at trial so long as the requirements of Rule 32 are satisfied. In *Savoie v. Lafourche Boat Rentals, Inc.*, 627 F.2d 722 (5th Cir.1980), one defendant was permitted, over objections by the co-defendant, to introduce a deposition of an expert witness taken by the co-defendant's attorney. Moreover, that portion of Rule 32(c) which made the deponent the witness of the party introducing the deposition as substantive evidence, has been abrogated by Rule 801(d) of the Federal Rules of Evidence. By analogy, therefore, the party taking a deposition or introducing it at trial, has no proprietary or similar interest in the deposition testimony that would allow him to dictate to the other party how the cross-examination should be recorded. In *Carey v. Bahama Cruise Lines*, 864 F.2d 201 (1st Cir.1988), plaintiffs objected to the admission of defense depositions of defendant's employees, who were more than 100 miles from the place of trial, on the ground, *inter alia*, that they should have been produced for live testimony by their employer. The court rejected this objection, stating:

> "To the extent [plaintiffs] believed it was critical to capture the demeanor and appearance of the witnesses for the jury, *they could have videotaped the depositions.*"

*Id.* at 204 (emphasis supplied) (citations omitted).

will be concentrated on the guidance it may provide on the present issue.

The use of videotaped testimony should be encouraged and not impeded because it permits the jury to make credibility evaluations not available to it when a transcript is read by another. In the standard charge to the jury, the court advises it to consider the appearance, demeanor and manner of the witness on the stand in determining the believability of the testimony. This objective is fostered and promoted by videotape testimony. Moreover, the plaintiff is limiting her request to cross-examination of the witness as conducted by her counsel.[3] This does not intrude on defendant's desire to portray his examination in the manner he chooses.

Considering all the circumstances and the applicable legal precedent, I conclude that plaintiff may present her cross-examination by videotape. An appropriate Order will follow.

Michael T. Medford, Charles E. Nichols, Jr., M. Lynn Marshbanks, Manning Fulton & Skinner, Raleigh, N.C., for plaintiff.

David A. Taggart, Maxwell Air Force Base, Alabama, James H. Toms, Toms & Bazzle, P.A., Hendersonville, N.C., Angela S. Cerini, Uscher Quiat & Uscher, Paramus, N.J., for defendants.

**3.** Because the plaintiff's request is limited to cross-examination, the court need not address the issue of whether the entire testimony of Dr. Holla, in the interest of orderliness and trial management, should be presented by videotape.