Ellen GINSBERG, D.O., Plaintiff,

v.

**VALHALLA ANESTHESIA
ASSOCIATES, P.C.,**
Defendant.

No. 96 Civ. 6462 (HB).

United States District Court,
S.D. New York.

April 9, 1997.

Anne C. Vladeck, Vladeck, Waldman, Elias & Engelhard, P.C., New York City, for plaintiff.

Jay B. Hashmall, Hashmall, Sheer, Bank & Geist, White Plains, NY, for defendant.

*MEMORANDUM AND ORDER*

BAER, District Judge:

Defendant moves pursuant to Rules 21 and 22 of the Rules for the Division of Business Among District Court Judges (the "Rules") to transfer this case to the White Plains courthouse. Plaintiff objects. For the reasons discussed below, defendant's motion is DENIED.

Plaintiff brought this action on August 23, 1996, over seven months ago. Since that time, a pre-trial conference was held, a pre-trial scheduling order was entered, discovery has begun and the case is set for trial in August 1997. I have also ruled on several pre-trial matters: I granted the parties' request for an extension of the discovery deadline; at the parties' request I decided the scope of a confidentiality order governing documents disclosed in discovery; and I ruled that certain depositions could be videotaped. More importantly, I recently denied defendant's request for an adjournment of the August trial date.

Rule 21 provides in pertinent part that "[a] civil case shall be designated for assignment to White Plains if: (i) The claim arose in whole or in major part in the Count[y] of . . . Westchester (the "Northern Counties") and at least one of the parties resides in the Northern Counties." Rule 22 provides in pertinent part that "[t]he attorney for any other party may move for the reassignment of the case to the other place of holding court . . . in the interest of justice or sound judicial administration." It is clear that this case should have originally been designated for assignment to White Plains pursuant to Rule 21, as all of the parties reside in Westchester county, and the events alleged in the complaint occurred there.

Though some of my colleagues have viewed Rule 21 in mandatory terms when faced with similar motions to transfer, *see Midway Gospel Tabernacle, Inc. v. American Economy Ins. Co.,* No. 95 Civ. 2695 (CSH), 1995 WL 444358 (S.D.N.Y. July 27, 1995) ("Rule 21 mandate[s] the transfer"); *Gache v. Town/Village of Harrison,* No. 95 Civ. 3485 (CSH), 1995 WL 380175 (S.D.N.Y. June 27, 1995) ("In these circumstances, White Plains designation is mandated by the rule"), the Rules do not vest individual parties with any substantive rights. As stated in the introduction to the Rules: "[t]hese rules are adopted for the interior management of the case load of the court and shall

not be deemed to vest any rights in litigants or their attorneys." Thus, the Rules "do not create any right to such a transfer, even when the facts bring the case within the category of cases which, under Rule 21(a) of the Rules, 'shall be designated for assignment to White Plains.'" *Schutty v. Pino*, No. 95 Civ. 1526 (LMM), 1995 WL 396589 (S.D.N.Y. July 6, 1995). Rather, Rule 21 governs the initial designation of cases by the parties themselves, while requests for transfer made after a case is filed are governed by Rule 22.

Under Rule 22's broad discretionary standard, I find that transfer is not in the interest of justice. It is true that the parties and potential witnesses to this action reside in Westchester and the acts giving rise to the cause of action occurred there as well. Had defendant made its motion promptly after the case was filed, I likely would have granted it. In the interim, however, seven months have passed and the parties have been preparing for trial in accordance with a pre-trial scheduling order on which each signed off with their signature. Additionally, I have made several decisions in this matter, which, afford me some familiarity with the case and the parties. I am also uncomfortable with granting defendant's motion to transfer after having denied defendant's application for adjournment of the trial date. Such a transfer would provide defendant with an end-run around my ruling and prejudice plaintiff's right to a timely trial. Finally, and perhaps most importantly, I cannot ignore the heavy caseload and lack of judicial personnel at the White Plains courthouse. Transferring this case would only exacerbate the imbalance that already exists in the distribution of cases among the courthouses. Accordingly, I exercise my discretion pursuant to Rule 22 and deny defendant's motion. *See Dodson v. Runyon*, 957 F.Supp. 465, 467 (S.D.N.Y.1997) (denying motion to transfer for failing to comply with rules); *Puglisi v. Underhill Taxpayers Ass'n*, 159 F.R.D. 416, 418 (S.D.N.Y.1994) (denying motion where case related to another case pending at Foley Square); *Rodriguez v. County of Orange*, No. 93 Civ. 6165 (KMW), 1993 WL 427426 (S.D.N.Y. Oct.18, 1993) (same).

Defendant's motion is DENIED.

**SO ORDERED.**