Francesca LONGO, Plaintiff,

v.

**WAL–MART STORES, INC., Defendant.**

**No. 98–CV–4340 (ADS).**

United States District Court, E.D. New York.

Dec. 18, 1999.

Goldstein & Goldstein, P.C., Brooklyn, NY, by Mark I. Goldstein, of counsel, for plaintiff.

Bushell, Brody, Kleczka, Minasi & O'Connor, LLP, Northport, NY, by Thomas O'Connor of counsel, for defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

As we approach the dawn of a new millennium, the age of the video deposition, at least as it relates to the testimony of treating physicians, is upon us. This is a personal injury action to recover damages for injuries allegedly suffered by the Plaintiff when she slipped and fell in a store owned by the Defendant Wal–Mart Stores, Inc. in Arizona. Presently before the Court is the Defendant's motion to transfer the case to the District Court for the District of Arizona.

The Plaintiff's complaint alleges that on September 29, 1996, she slipped and fell on a wet floor in a Wal–Mart store located in Glendale, Arizona and suffered substantial injuries. The Plaintiff commenced an action on April 30, 1998 in New York State Supreme Court, Kings County, seeking $940,000 in damages. The complaint alleged that "at the time of the commencement of this action, Plaintiff Francesca Longo resided in the County of Kings, State of New York." The Defendant removed the case to this Court on diversity grounds on June 18, 1998, indicating that the Defendant was a Delaware corporation with its principal office in Arkansas.

At some unspecified point thereafter, the Plaintiff was deposed at which time she testified that although she presently resided in New York, she intended to move permanently to Glendale, Arizona "within the next thirty days." Subsequently, on April 30, 1999, the Defendant served a request for admission on the Plaintiff's counsel, requesting that the Plaintiff admit that she presently resides in Glendale, Arizona. According to the Defendant's motion papers, no response to that request for admission was ever served by the Plaintiff, and therefore, the request is deemed admitted pursuant to Fed. R.Civ.P. 36(a). In addition, the Defendant alleges in its moving papers (and the Plaintiff does not dispute) that all of the potential witnesses, other than some of the doctors who have treated the Plaintiff, are all currently residing in Arizona.

The Plaintiff opposes transfer of the case, alleging that she has been treated by six different medical providers, and that the burden on her of producing those witnesses for trial in Arizona would be extreme. By contrast, she alleges that there are only two potential fact witnesses for the Defendant, and that as a corporation of great financial means, the Defendant could more easily absorb the cost of producing those witnesses for trial in New York.

## DISCUSSION

The moving party has the "burden to clearly establish that a transfer is appropriate and that the motion should be granted." *Laumann Mfg. Corp. v. Castings USA Inc.*, 913 F.Supp. 712, 720 (E.D.N.Y.1996), *see also Factors Etc. Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218–19 (2d

Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). The Court's inquiry on a motion to transfer is two-fold. The first issue is whether the action sought to be transferred is one that "might have been brought" in the district court in which the moving party seeks to have the case litigated, namely, the transferee court. Here, the parties are diverse, with the Plaintiff admittedly being an Arizona resident and the Defendant's being a Delaware Corporation with its principal place of business in Arkansas. 28 U.S.C. § 1332. Venue in the District of Arizona would be proper under 28 U.S.C. § 1391(a)(2), as it is the district in which a substantial part of the acts or omissions giving rise to the claim occurred.

Because the initial threshold question is answered affirmatively, then the court must then examine whether, "the convenience of parties and witnesses" and "the interest of justice", weighs in favor of a transfer to the proposed district. *Laumann Mfg. Corp.,* 913 F.Supp. at 720; *Modern Computer Corp. v. Ma,* 862 F.Supp. 938, 947–48 (E.D.N.Y.1994). The moving party has the "burden to clearly establish that a transfer is appropriate and that the motion should be granted." *Laumann Mfg. Corp.,* 913 F.Supp. at 720 (*quoting Modern Computer Corp.,* 862 F.Supp. at 948); *see also Factors Etc.,* 579 F.2d at 218–19.

■ Although courts have employed a variety of factors that serve as a guidepost in helping to determine whether to transfer a case to another district, none of the factors are singly dispositive. *Modern Computer Corp.,* 862 F.Supp. at 948. The criteria include: (1) convenience of the parties; (2) convenience of witness; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) the weight accorded the plaintiffs choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and (10) how best to serve the interest of justice, based on an assessment of the totality of material circumstances. *Pall Corp. v. PTI Technologies, Inc.,* 992 F.Supp. 196, 199 (E.D.N.Y.1998); *Wine Markets Int'l, Inc. v. Bass,* 939 F.Supp. 178, 181 (E.D.N.Y.1996); *Modern Computer Corp.,* 862 F.Supp. at 948.

### 1. Convenience of the parties

■ The Court finds that the convenience of the parties is best served by transferring the case. The Plaintiff presently resides in Arizona, and thus, a transfer of the case actually works to her convenience. The Defendant, being principally located in Arkansas, is equally inconvenienced by trial in either New York or Arizona. However, since its Glendale, Arizona store is the location at issue here, trial in Arizona is more convenient to the Defendant than would be a trial in New York, as none of Defendant's New York stores are involved in the case.

### 2. Convenience and attendance of the witnesses

The convenience of witnesses also seems to tip in favor of a transfer. The Defendant has identified two principal defense witnesses, Ken Money and Kimberly Matos, both of whom are Arizona residents. In addition, the Defendant's motion papers indicate that Plaintiff's primary fact witness, Joseph Gluck, also resides in Arizona. All three of these witnesses would be convenienced by a trial in Arizona rather than New York. Moreover, all three are beyond this Court's subpoena power, a factor that weighs especially heavily in favor of transfer. *See Fischer v. Enterprise Rent–A–Car,* 1996 WL 251426 (E.D.N.Y. 1996) *citing Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 990 (E.D.N.Y. 1991).

The Plaintiff's main argument in opposition to the motion to transfer venue to Arizona is that the Plaintiff was treated by five doctors and one "health care provider." The Plaintiff's papers do not identify

these providers. The Plaintiff's opposition to the motion implies that these medical providers are located in New York, although logic suggests that, if the Plaintiff was injured in Arizona, some of her medical providers—such as persons providing first aid or immediate treatment for her injuries—may be located in Arizona. Even assuming that all her medical providers reside in New York, the Plaintiff has not indicated whether all of the providers will necessarily testify live, nor does she indicate what hardships might arise from having such witnesses testify by deposition pursuant to Fed.R.Civ.P. 32. In the absence of such evidence to counterbalance the clear advantages shown by the Defendant of having the three identified fact witnesses testify in Arizona, the Court finds that the convenience of the witnesses weighs in favor of transfer.

In addition, the Plaintiff can effectively place the testimony of her New York physicians before an Arizona jury by either a video deposition or live video testimony. It is recognized that a videotaped deposition is generally more effective than reading a transcript for the presentation of deposition testimony. In addition, the substantial fee of a physician witness can be reduced and valuable presentation time can be conserved by using videotaped depositions. For a discussion of the advantages of the use of video depositions at trial, *see* Federal Judicial Center, *Manual for Complex Litigation* 3d § 22.332 (1995), *citing* Michael J. Henke, *The Taking and Use of Videotaped Depositions*, 16 Am.J. Trial Advoc. 151, 165 (1992) and Joseph, *Modern Visual Evidence*, § 3.03[2][f] (1984; Supp.1997). *See also Sandidge v. Salen Offshore Drilling Co.*, 764 F.2d 252, 259 n. 6 (5th Cir.1985); *United States v. Tunnell*, 667 F.2d 1182, 1185 (5th Cir. 1982); *Weiss v. Wayes*, 132 F.R.D. 152, 154–55 (M.D.Pa.1990); *Rice's Toyota World v. S.E. Toyota Distrib.*, 114 F.R.D. 647, 649 (M.D.N.C.1987); *U.S. v. Baker*, 45 F.3d 837 (4th Cir.1995) (video conference procedure in civil commitment hearing did not violate constitutional due process protection).

### 3. Relative means of the partiesu

In determining whether to transfer a case, the Court may consider whether a disparity between the parties exists with respect to their relative means, especially in cases such as this one where an individual plaintiff is suing a large corporation. *See e.g. National Utility Service, Inc. v. Queens Group, Inc.,* 857 F.Supp. 237, 242 (E.D.N.Y.1994). However, in this unusual situation, the Plaintiff is now a permanent resident of the transferee jurisdiction. Under these circumstances, the Court finds that a transfer of the case to Arizona would actually place less of a strain on the Plaintiff's means than would keeping the case in New York, which would require her to travel to this location to attend the trial. Thus, in this situation, the disparity of means between the individual Plaintiff and the corporate Defendant actually favors transferring the case.

### 4. Locus of operative facts and relative ease of access to sources of proof

The injury at issue was sustained by the Plaintiff in Arizona. Transfer of the case to Arizona places the parties closer to the store location at issue for any discovery and inspection. Also, with the Plaintiff residing in Arizona, the most convenient place to conduct medical examinations of her by the Defendant would be Arizona. While transfer would move the parties further away from any medical providers the Plaintiff used in New York, discovery involving these providers would likely be conducted in large part by videotaped deposition or by documents that can be easily be mailed to Arizona. On the whole, the Defendant has demonstrated that this factor weighs in favor of transfer.

### 5. The weight accorded the plaintiffs choice of forum

The Plaintiff's choice of forum is afforded "great weight" in considering the

appropriateness of a transfer. *Wine Markets Int'l, supra.* at 183. Here, the Plaintiff initially commenced this action in New York State. However, the Court observes that the Plaintiff's decision to commence the suit in New York may have been motivated by her residence being in New York at the time the case was filed. The fact that she has since relocated to Arizona causes the Court to question the logic of deferring to her initial selection of New York as a forum. Nevertheless, the Court will consider this factor as weighing in favor of denying transfer of the case.

### 7. Calendar congestion

The Defendant has not offered any proof regarding the relative press of business in the District of Arizona. The Court notes that its own caseload is among the highest in the Federal judiciary, and on this basis, finds that this factor probably weighs in favor of transfer. However, because the Defendant has offered no evidence showing the District of Arizona's current caseload, the Court finds that this factor should be given minimal weight in the overall analysis.

### 8. The desirability of having the case tried by the forum familiar with the substantive law to be applied.

This case concerns allegations of negligence against the Defendant. Thus, the case is governed by the substantive law of the state in which the acts or omissions took place, namely Arizona. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Block v. First Blood Assocs.,* 988 F.2d 344, 349 (2d Cir.1993); *Humphreys v. Humphreys,* 949 F.Supp. 1014, 1020 (E.D.N.Y.1997). While the Defendant has not offered any factual assertion that the substantive law of negligence in Arizona is significantly different from that applied in New York, the Court nevertheless finds that as a general rule, a District Court sitting in Arizona is more likely to be familiar with the substantive tort law of the State of Arizona than this Court. Therefore, the Court finds that this factor weighs slightly in favor of transfer.

### 9. Practical difficulties

The Defendant has not offered any evidence of practical difficulties, other than those issues described above, that would result unless a transfer is granted. Therefore, the Court does not find that this factor weighs in favor of transfer.

### 10. How best to serve the interest of justice, based on an assessment of the totality of material circumstances

Examining the totality of the circumstances, the Court is convinced that trial of this case in Arizona will best serve the interests of justice. The Court finds that the Plaintiff's current residence in Arizona makes a transfer there more convenient for her, as well as for the Defendant. The inconvenience of having some of the Plaintiff's medical providers travel to Arizona or, more reasonably, testify by video deposition or video testimony is clearly outweighed by the convenience of having discovery and trial take place in the district where the Plaintiff and all of the primary fact witnesses reside.

Therefore, the Defendant's motion to transfer this case to the United States District Court for the District of Arizona is GRANTED. The Clerk of Court is directed to transfer the case.

**SO ORDERED**