**Ambroz NIKAC, Plaintiff,**

v.

**Rocco POZZI, et al.   Defendants.**

**No.  00Civ.3750(GBD).**

United States District Court,
S.D. New York.

May 3, 2001.

Thomas J. Hillgardner, Jamaica, NY, for plaintiff.

Joseph F. Berrafati, Alan D. Scheinkman, County Attorney, White Plains, NY, for defendants.

## MEMORANDUM OPINION & ORDER

DANIELS, District Judge.

Pursuant to Rules 21 and 22 of the Local Rules for the Division of Business Among District Judges, Defendants seek to transfer this lawsuit from Foley Square in Manhattan to the White Plains courthouse. Plaintiff urges this Court to deny the Defendants' request.

On May 17, 2000, Plaintiff filed suit at the United States Courthouse in Manhattan against the United States Marshals Service, the commissioner of the Westchester County Department of Correction, the associate warden of the Westchester County Jail, and the jail physician. Plaintiff alleges a violation of his civil rights pursuant to 42 U.S.C. § 1983 because of horrid jail conditions, inadequate medical care and improper medical treatment while an incarcerated federal prisoner at the Norwood E. Jackson Correctional Facility ("Westchester County Jail") in Valhalla, New York. On February 15, 2001, this Court dismissed the claims against the United States Marshals Service pursuant to a stipulation by the parties that the United States Marshals Service had been improperly named as a defendant.

Plaintiff, who is a paraplegic permanently confined to a wheelchair, is a resident of Bronx County in New York City. On December 21, 1998, Plaintiff was arrested by

federal authorities at his Bronx residence on weapons and stolen property charges. Plaintiff was taken to Westchester County Jail rather than a federal facility because of the Jail's capacity to accommodate disabled persons.

Plaintiff claims that the poor conditions of his incarceration from December 21, 1998 to October 22, 1999, amounted to cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution. In his complaint, Plaintiff details the presence of cockroaches, leadpaint chips, poor air quality, and inadequate bathing facilities. Plaintiff also alleges that he developed a urinary tract infection and bedsores as a result of inadequate medical care. Plaintiff further alleges that he suffered gastrointestinal problems as a result of poor nutrition and that he was denied meaningful opportunities for physical exercise. Finally, Plaintiff alleges that Defendants failed to improve these conditions or otherwise respond to his complaints.

■■■■ Defendant argues that this case should be transferred to White Plains under the Local Rules for the Division of Business Among District Judges. Local Rule 21 governs the initial designation of cases. *Ginsberg v. Valhalla Anesthesia Associates*, 171 F.R.D. 159, 159 (S.D.N.Y. 1997). Rule 21(a) states that "A civil case shall be designated for assignment to White Plains if: (i) The claim arose in whole or major part in the Counties of Dutchess, Orange, Putnam, Rockland, Sullivan and Westchester (the 'Northern Counties') and at least one of the parties resides in the Northern Counties." Requests for transfer are governed by the broad discretionary standard of Rule 22. *Id.* at 160. Rule 22 provides that "The attorney for any other party may move for the reassignment of the case to the other place of holding court . . . , or the judge to whom the case is assigned may reassign it

*sua sponte*, in the interest of justice or sound judicial administration." As stated in the introduction to the Rules: "[t]hese rules are adopted for the interior management of the caseload of the court and shall not be deemed to vest any rights in litigants or their attorneys." Thus, the Rules "do not create any right to such a transfer, even when the facts bring the case within the category of cases which, under Rule 21(a) of the Rules, 'shall be designated for assignment to White Plains.'" *Id.* at 160 (citing *Schutty v. Pino*, 1995 WL 396589 at *1 (S.D.N.Y. July 6, 1995). Therefore, a party "is not entitled to his choice of the place of holding Court within this district". *Tiffany v. Tartaglione, et al.,* 2001 WL 15677 at *2 (S.D.N.Y. January 5, 2001).

■■■■ Defendants argue that this case should be reassigned to White Plains because, in accordance with Rule 21, the claims arose in Westchester County at the Westchester County Jail and at least one party resides in Westchester. Defendants contend that proceeding with this case in White Plains would be more convenient for all parties. In response, Plaintiff argues that the cause of action first arose in the Bronx, where he was arrested and the decision to take him to the Westchester County Jail was made. As originally brought, with the U.S. Marshals Service as defendant, this case could have been assigned to either the Manhattan or the White Plains court house. The Court is not however, mandated to transfer this case to White Plains simply because Rule 21 is satisfied. The decision to reassign the case remains within the discretion of the court.

In opposing the reassignment, Plaintiff argues that commuting to White Plains via public transport from his residence in the Bronx would be inconvenient. Plaintiff contends that because of his physical limitations, his access to the Foley Square

courthouse is easier and more convenient than the White Plains courthouse. While Defendants assert that it would be more convenient for all parties if the case were transferred to White Plains, the circumstances of Plaintiff's physical limitations do not support such a conclusion.

In cases of district to district transfer, courts have considered physical disability and health concerns when deciding a motion for change of venue and have acknowledged the additional time, cost and inconvenience that would burden the party. *See e.g. First City Federal Savings Bank v. Harold E. Register and Margaret A. Register,* 677 F.Supp. 236, 237 (S.D.N.Y. 1988) (discussing the severe inconvenience to the wheelchair confined defendant who was undergoing cancer treatments if forced to travel to New York from Florida); *Karrels v. Adolph Coors Company et al.,* 699 F.Supp. 172, 175 (N.D.Ill.1988) (acknowledging that transfer from an Illinois to Indiana court would be inconvenient to the plaintiff who is a quadriplegic confined to a wheelchair and requires daily medical care); *Robert Chesler v. Trinity Industries,* 1999 WL 498592 at *2 (N.D.Ill.1999)(denying the motion to transfer venue from Illinois to Nebraska because travel to the alternative forum would be extremely challenging and costly to the seriously injured and wheelchair-dependent plaintiff). In this case, although the distance between the two courthouses is not exceptional, and Plaintiff will be somewhat inconvenienced no matter which court is assigned, it appears that Plaintiff will be more inconvenienced if required to travel by public transportation to White Plains. The burden of travel on Plaintiff as a paraplegic permanently confined to a wheelchair outweighs the minimal inconvenience to the Westchester Defendants which may arise from court proceedings or possible trial in Manhattan. Moreover, there is no reason why the conduct of pretrial discovery cannot proceed in a manner, and at locations, convenient to all of the parties and witnesses involved in this litigation.

■ Sound judicial administration also does not support a transfer. This court has already become familiar with the issues in this case. This court has addressed several pre-trial matters and dismissed the U.S. Marshals Service as a party in this action. There is no judicial efficiency in another court unfamiliar with this action to now begin anew in White Plains. Transferring this case at this stage of the proceedings would not serve the interests of justice.

Based upon the foregoing, Defendants' request to transfer this action to White Plains is denied.