**COOL WIND VENTILATION CORP., Plaintiffs,**

v.

**SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL UNION NO. 28; John Harrington, President and Business Manager of Local 28, Sheet Metal Industry Labor Management Committee, by its administrator Thomas Doherty; Sheet Metal and Air Conditioning Contractors Association of New York City, Inc., Sheet Metal and Air Conditioning Contractors Association of Long Island, Inc.; Nelson Air Device Corp. and Karo Sheet Metal, Inc., Defendants.**

No. CV 00–3678.

United States District Court, E.D. New York.

Aug. 13, 2002.

Jaspan Schlesinger Hoffman, LLP, by Laurel R. Kreitzing, Garden City, New York, William H. Englander, P.C., by William H. Englander, Garden City, New York, for plaintiff.

Roy Barnes, P.C., by Wendell Shepherd, Elmsford, New York, for defendants, Sheet Metal Workers International Association, Local Union 28 and John Harrington.

Paul, Weiss, Rifkind, Wharton & Garrison, by Sidney S. Rosdeitcher, John F. Baughman, New York City, for defendant,

Sheet Metal Industry Labor Management Committee, by its Administrator Thomas Doherty.

Law Offices of Howard E. Gilbert, by Howard E. Gilbert, Melville, New York, for defendant, Sheet Metal and Air Conditioning Contractors Association of Long Island, Inc.

Rubin Baum, LLP, by Martin R. Gold, Martin J. Schwartz, New York City, for defendant, Sheet Metal and Air Conditioning Contractors Association of New York City, Inc.

Proskauer Rose, LLP, by Jerold D. Jacobson, Daniel R. Halem, New York City, for defendant, Karo Sheet Metal, Inc.

Ettelman & Hochheiser, P.C., by Gary Ettelman, Garden City, New York, for defendant, Nelson Air Device Corp.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an case commenced by Plaintiff Cool Wind Ventilation Corp. ("Cool Wind" or "Plaintiff") alleging, primarily, antitrust violations. The named defendants include a labor union, its president and business manager, two multi-employer collective bargaining entities and two individual companies (collectively "Defendants"). Plaintiff's complaint alleges that defendants have entered into a conspiracy to restrain trade and monopolize the market in the sheet metal and duct work industry in the City of New York and Nassau and Suffolk Counties. Also alleged are violations of the National Labor Relations Act (the "Labor Act") and state law claims for tortious interference with contract.

Presently before the court is the motion of all Defendants to transfer this case to the Brooklyn Division of the Eastern District. For the reasons set forth below, the motion is denied.

## DISCUSSION

### I. Factual Background

The facts forming the basis of Plaintiff's claims have been set forth in a previous opinion of this court. Briefly stated, Cool Wind is a company that is engaged in the business of designing, manufacturing and installing sheet metal duct work used in heating, ventilating and air conditioning ("HVAC") systems. In its complaint, Cool Wind asserts the existence of a broad antitrust conspiracy. According to Cool Wind, Defendants have conspired with each other to restrain trade and monopolize the market for sheet metal duct work in large construction projects in New York, Nassau and Suffolk.

The specific relevant market identified in the complaint is defined as:

the design, manufacture and installation of sheet metal duct work for heating, ventilation and air conditioning applications in commercial buildings in the geographical area of the City of New York and the counties of Nassau and Suffolk, each such job costing more than $150,000.

### II. Procedural Posture

Plaintiff commenced this lawsuit over two years ago, in June of 2000. Extensions of time in which to move or otherwise respond to the complaint were granted on behalf of all Defendants. Thereafter, in February of 2001, Defendants filed joint and individual motions to dismiss. In a memorandum and order dated April 16, 2001, this court granted a motion to dismiss one the Labor Act claims against all defendants except for the union defendant. The motion to dismiss was, in all other respects, denied.

After denial of the bulk of the motion to dismiss, all Defendants filed their answers in May of 2001. Automatic disclosures

were served and discovery proceeded under the direction of Magistrate Judge Wall. In February of 2002, Magistrate Judge Wall entered a scheduling order setting a discovery cut-off date of September 30, 2002. In an amended scheduling order, Magistrate Judge Wall set the date of November 29, 2002, as the last day to join parties and amend pleadings. Rule 26 disclosures regarding expert witnesses were ordered to be served by December 13, 2002. Finally, a trial date of December 19, 2002 was set.

In May of 2002, this court heard oral argument on a motion by defendant Local 28 Labor Management Committee and Trust ("LMC"). That motion was based upon the fact that the LMC is insured by the Legion Insurance Company, and an order of a Pennsylvania State Court directed that all actions against parties insured by that company be stayed for a ninety day period. In an order dated May 14, 2002, this court denied the stay.

With the discovery cut-off on the near horizon and the trial date approaching, Defendants now move to transfer this case to the Brooklyn Courthouse and to have a Brooklyn Judge and a Brooklyn Magistrate Judge handle this matter.

### III. The Eastern District Guidelines for the Division of Business

The Eastern District of New York encompasses the counties of Richmond, Brooklyn, Queens, Nassau and Suffolk. Courthouses are located in Brooklyn, New York and in Central Islip, New York. Unique among all federal districts with more than a single division, the Eastern District of New York shares a single jury pool. Thus, jurors from Eastern Suffolk County can be summoned for jury service to Brooklyn while those as far away from Central Islip as Richmond County can be summoned to the Long Island courthouse.

While both the Brooklyn and Central Islip courthouses can properly exercise jurisdiction over any matter properly pending within the Eastern District, the Judges of the Court have adopted rules for the internal management of the Court's case load. Those rules, known as the "Guidelines for the Division of Business" (the "Guidelines") allow for the designation of certain cases as "Long Island Cases." Guidelines Rule 50.1(d). Long Island Cases are assigned to Judges and Magistrate Judges sitting in Central Islip and that courthouse is the designated place for trial of the action. According to the Guidelines, a civil case is properly designated as a Long Island Case if "the cause arose wholly or in substantial part in Nassau or Suffolk County." Guidelines Rule 50.1(d)(2).

The Guidelines allow a party to move to designate a case as a Long Island Case, or to cancel such designation, on the grounds that "such action will serve the convenience of the parties and witnesses or is otherwise in the interests of justice." Guidelines Rule 50.1(d)(3). Such motions are to be made by letter or motion to the assigned judge and, in civil cases, are to be made "within the time allowed to respond to the complaint." Guidelines Rule 50.2(f)(2).

While the Guidelines permit the making of motions aimed at changing the designation of cases, it is important to note that these rules have been adopted for the "internal management" of the court's case load and state specifically that they "shall not be deemed to vest any rights in litigants or their attorneys . . . ." Guidelines Preamble; see United States v. Garces, 849 F.Supp. 852, 860–61 (E.D.N.Y.1994) (guidelines are "*not* intended to give the parties a right to litigate where a particular case will be tried, but merely provide the guidelines by which the Eastern Dis-

trict administratively handles and assigns its cases") (emphasis in original).

## IV. *Transfer Statute*

■ Defendants also move to transfer this matter to the Brooklyn Courthouse pursuant to the venue transfer statute, 28 U.S.C. § 1404 ("Section 1404"). Where, as here, the forum chosen is proper, Section 1404 allows for transfer to any "district or division" where the action might have been brought. Such transfer is allowed "for the convenience of the witnesses or parties and in the interests of justice". 28 U.S.C. § 1404(a). The burden on such a motion is on the party seeking transfer. *Longo v. Wal–Mart Stores, Inc.*, 79 F.Supp.2d 169, 170–71 (E.D.N.Y.1999).

■ When considering whether the discretion to transfer should be exercised, the court considers first whether venue is proper in the proposed transferee district. *Id.* at 171; *Laumann Mfg. Corp. v. Castings U.S.A., Inc.*, 913 F.Supp. 712, 720 (E.D.N.Y.1996); *see* 28 U.S.C. § 1404(a) (allowing for transfer to any district where the action "might have been brought"). If the proposed venue is proper, the court then considers whether transfer will serve the convenience of witnesses and parties and is in the interest of justice.

■ To make this determination, the court looks to several factors, including: (1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum and (9) the interests of justice. *See, e.g., Blass v. Capital Internat'l. Security Group*, 2001 WL 301137 *4 (E.D.N.Y. March 23, 2001); *Longo*, 79 F.Supp.2d at 171.

■ The court is mindful that Section § 1404(a) protects those involved in litigation from needless inconvenience and costs. *Castaneira v. Gannon*, 1999 WL 1487630 *3 (E.D.N.Y. December 16, 1999). Nonetheless, deference is to be given to plaintiff's choice of forum and transfer should be ordered only if the balance of conveniences weighs strongly in favor of the change of forum. *See Innovations Enterprises Ltd. v. Haas–Jordan Co., Inc.*, 2000 WL 263745 *2 (E.D.N.Y. Jan.4, 2000); *R. Siskind & Co., Inc. v. Ashworth, Inc.* 1996 WL 167722 *4 (S.D.N.Y. April 10, 1996). Where transfer would merely shift the inconvenience from one party to the other, plaintiff's choice of forum is not to be disturbed. *Innovations Enterprises*, 2000 WL 263745 *2.

## V. *The Motion To Transfer Is Denied*

■ At the outset, the court notes that the Guidelines provide that motions such as that presently before the court are to be made within the time to answer the complaint. That time has long since passed. Even if the court were to consider this motion as timely, it would nonetheless be denied.

■ A review of the papers submitted in support of and in response to the motion reveals that there is sufficient connection to designate this case as Long Island Case. Even if many of the actions giving rise to Plaintiff's cause of action arose in Eastern District counties outside of Nassau and Suffolk, the Long Island connection is acceptable.

Even more importantly, the age of this case and the judicial resources expended by this court and Magistrate Judge Wall militate strongly against transfer. As noted, this court has ruled upon substantive motions. Magistrate Judge Wall has presided over a two year discovery period and has issued a fast-approaching deadline for

**86**

the conclusion of discovery as well as a trial date. The burden on a judge and magistrate judge to whom a complex two year old case is transferred is as significant as the waste of judicial resources inherent in such a transfer. *Accord Ginsberg v. Valhalla Anesthesia Assocs., P.C.,* 171 F.R.D. 159, 160 (S.D.N.Y.1997) (denying transfer from New York County courthouse to White Plains courthouse seven months after commencement of litigation where district judge ruled on motions and trial date was set).

For similar reasons, the court denies the transfer pursuant to Section 1404. There is simply no evidence that transfer to Brooklyn is necessary either "in the interest of justice" or to serve the convenience of witnesses and parties. Parties and witnesses are located in several Eastern District counties. For the reasons set forth above denying the transfer pursuant to the Guidelines, the interest of justice does not require transfer.

No good reason exists to transfer this two year old case to the Brooklyn Courthouse and a new set of judicial officers. On the contrary, every reason exists to retain jurisdiction in Central Islip.

### CONCLUSION

Defendants' motion to cancel the designation of this case as a Long Island Case and to transfer this case to the Brooklyn Courthouse is denied. The Clerk of the Court is directed to terminate the motion.

SO ORDERED.