**UNITED STATES of America, Plaintiffs,**

v.

**ALL FUNDS ON DEPOSIT IN BUSINESS MONEY MARKET ACCOUNT NO. 028–0942059–66 Entitled Israel Goldberg, Esq. and Herbert Teitelbaum, Attorney Trust Account at Chase Manhattan Bank, 177 Mon-**

tague Street, Brooklyn, New York, and All Proceeds Traceable Thereto and Real Property and Premises Located at 1–19 Hooper Street, Brooklyn, New York, and All Proceeds Traceable Thereto, Defendants.

No. CV 03–378.

United States District Court, E.D. New York.

May 24, 2004.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York by Richard T. Lunger, Esq., Assistant United States Attorney, Central Islip, NY, for U.S.

Carter, Bernstein, Auerbach and Dazzo, P.C. by George Edward Dazzo, Esq., Patchogue, NY, for Defendant–Claimant Nat Schlesinger.

Richard H. Schaffer, Esq., North Babylon, NY, for Jack Schlesinger Claimants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is a civil forfeiture case commenced by the United States Government. A related criminal proceeding is presently pending before Judge Arthur Spatt of this court. Presently pending before this court are two motions. First, defendant/claimant Nat Schlesinger seeks to transfer this matter to the Brooklyn Division of the Eastern District. Second, the government seeks to stay discovery in this matter pending the outcome of the related criminal proceeding. For the reasons that follow, the motion to transfer is denied and government's motion to stay the proceedings pending the outcome of the criminal proceedings is granted.

## DISCUSSION

### I. The Motion to Transfer

#### A. The Guidelines for the Division of Business

The Eastern District of New York encompasses the counties of Richmond, Brooklyn, Queens, Nassau and Suffolk. Courthouses are located in Brooklyn, New York and in Central Islip, New York. Unique among all federal districts with more than a single division, the Eastern District of New York shares a single jury pool. Thus, jurors from eastern Suffolk County can be summoned for jury service to Brooklyn while those as far away from Central Islip as Richmond County can be summoned to the Long Island courthouse.

While both the Brooklyn and Central Islip courthouses can properly exercise jurisdiction over any matter properly pending within the Eastern District, the Judges of the Court have adopted rules for the internal management of the Court's case load. Those rules, known as the "Guidelines for the Division of Business" (the "Guidelines") allow for the designation of certain cases as "Long Island Cases." Guidelines Rule 50.1(d). Long Island Cases are assigned to Judges and Magistrate Judges sitting in Central Islip and that courthouse is the designated place for trial of the action. According to the Guidelines, a civil case is properly designated as a Long Island Case if "the cause arose wholly or in substantial part in Nassau or Suffolk County." Guidelines Rule 50.1(d)(2).

The Guidelines allow a party to move to designate a case as a Long Island Case, or to cancel such designation, on the grounds that "such action will serve the convenience of the parties and witnesses or is otherwise in the interests of justice." Guidelines Rule 50.1(d)(3). Such motions are to be made by letter or motion to the assigned judge and, in civil cases, are to be made "within the time allowed to respond to the complaint." Guidelines Rule 50.2(f)(2).

While the Guidelines permit the making of motions aimed at changing the designa-

tion of cases, it is important to note that these rules have been adopted for the "internal management" of the court's case load and state specifically that they "shall not be deemed to vest any rights in litigants or their attorneys ...." Guidelines Preamble; *see Cool Wind Ventilation Corp. v. Sheet Metal Workers International Association, Local Union No. 28,* 216 F.Supp.2d 81, 84–85 (E.D.N.Y.2002); *United States v. Garces,* 849 F.Supp. 852, 860–61 (E.D.N.Y.1994) (guidelines are "*not* intended to give the parties a right to litigate where a particular case will be tried, but merely provide the guidelines by which the Eastern District administratively handles and assigns its cases")(emphasis in original).

### B. *The Transfer Statute*

Defendant also moves to transfer this matter to the Brooklyn Courthouse pursuant to the venue transfer statute, 28 U.S.C. § 1404 ("Section 1404"). Where, as here, the forum chosen is proper, Section 1404 allows for transfer to any "district or division" where the action might have been brought. Such transfer is allowed "for the convenience of the witnesses or parties and in the interests of justice." 28 U.S.C. § 1404(a). The burden on such a motion is on the party seeking transfer. *Longo v. Wal–Mart Stores, Inc.,* 79 F.Supp.2d 169, 170–71 (E.D.N.Y.1999).

 When considering whether the discretion to transfer should be exercised, the court considers first whether venue is proper in the proposed transferee district. *Id.* at 171; *Laumann Mfg. Corp. v. Castings U.S.A., Inc.,* 913 F.Supp. 712, 720 (E.D.N.Y.1996); *see* 28 U.S.C. § 1404(a) (allowing for transfer to any district where the action "might have been brought"). If the proposed venue is proper, the court then considers whether transfer will serve the convenience of witnesses and parties and is in the interest of justice.

To make this determination, the court looks to several factors, including: (1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum and (9) the interests of justice. *See, e.g., Blass v. Capital Internat'l. Security Group,* 2001 WL 301137 *4 (E.D.N.Y. March 23, 2001); *Longo,* 79 F.Supp.2d at 171.

 The court is mindful that Section § 1404(a) protects those involved in litigation from needless inconvenience and costs. *Castaneira v. Gannon,* 1999 WL 1487630 *3 (E.D.N.Y. December 16, 1999). Nonetheless, deference is to be given to plaintiff's choice of forum and transfer should be ordered only if the balance of conveniences weighs strongly in favor of the change of forum. *See Innovations Enterprises Ltd. v. Haas–Jordan Co., Inc.,* 2000 WL 263745 *2 (E.D.N.Y. Jan. 4, 2000); *R. Siskind & Co., Inc. v. Ashworth, Inc.* 1996 WL 167722 *4 (S.D.N.Y. April 10, 1996). Where transfer would merely shift the inconvenience from one party to the other, plaintiff's choice of forum is not to be disturbed. *Innovations Enterprises,* 2000 WL 263745 *2.

### C. *The Motion To Transfer Is Denied*

 At the outset, the court notes that the Guidelines provide that motions to transfer cases to a different division of this court are to be made within the time to answer the complaint. That time has long since passed. Even if the court were to consider this motion as timely, it would nonetheless be denied.

A review of the papers submitted in support of and in response to the motion reveals that there is sufficient connection to designate this case as Long Island Case. Even if many of the actions giving rise to the government's case arose in Brooklyn, the Long Island connection is acceptable. The case is factually related to cases previously handled by this court. Additionally, while some witnesses reside closer to the Brooklyn courthouse, there are others who reside closer to the Long Island courthouse. Under these circumstances, the court denies the motion to·cancel the Long Island designation of this case. For the same reasons, the court denies the transfer pursuant to Section 1404. There is simply no evidence that transfer to Brooklyn is necessary either "in the interests of justice" or to serve the convenience of witnesses and parties.

## II. *The Motion to Stay*

As noted above, there is presently pending before Judge Spatt of this court a criminal proceeding that is related to this matter. That proceeding, bearing criminal docket number CR–02–485, charges defendants with, *inter alia,* mail fraud, wire fraud, arson and conspiracy to engage in monetary transactions with the proceeds of insurance fraud. Similarly, this action alleges that defendants engaged in a series of mail and wire frauds including the making of false and inflated insurance claims and bribes to public adjusters. Funds sought in this forfeiture action are sought on the allegation that they were obtained in violation of federal money laundering laws.

▉ The government seeks to stay this matter pending the outcome of the criminal proceedings on the ground that civil discovery will prejudice the government's ability to investigate and prosecute the related criminal matter. The government's motion is made pursuant to 18 U.S.C. § 981(g). That statute requires a court to stay a civil forfeiture proceeding if the court determines that "civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1).

At the outset, the court notes that there is no question but that the criminal and civil matters are "related," within the meaning of the above-referenced statute. The cases have common facts and witnesses and alleges similar schemes. Additionally, the court has reviewed the submissions of the parties and concludes that the government has properly demonstrated that· allowing civil discovery to proceed will impede the criminal investigation and prosecution. The court is satisfied that information routinely ordered disclosed in civil matters would compromise the identity of confidential informants and cooperating witnesses. Under these circumstances, the court is required to stay this civil action. 18 U.S.C. § 981(g)(1).

## CONCLUSION

The motion to cancel the designation of this case as a Long Island Case and to transfer this case to the Brooklyn Courthouse is denied. The government's motion to stay this matter pending the outcome of the related criminal proceeding is granted. The Clerk of the Court is directed to terminate the motions and to administratively close this case. The government is directed to advise the court of the status of the ongoing criminal prosecution as appropriate. This case may be re-opened by letter application upon termination of the criminal proceeding.

SO ORDERED.