**UNITED STATES of America,**
**Plaintiff,**

v.

**ASTRA MOTOR CARS,**
**et al., Defendants.**

**John McConnell, Defendant–Movant.**

**No. 04–CR–774 (TCP).**

United States District Court,
E.D. New York.

Jan. 14, 2005.

Joel Winograd, Winograd & Winograd, P.C., Martin B. Adelman, Mark I. Cohen, Cohen, Frankel & Ruggiero, LLP, Sarita Kedia, New York, NY, Eric W. Naiburg, Naiburg, Rosenblum & Weissman, Randi L. Chavis, Federal Defender Division, Glenn A. Obedin, Efman & Obedin, Central Islip, NY, Lawrence V. Carra, Mineola, NY, John Frederick Carman, Jan D. Goldman, Goldman & Associates, Esqs., Garden City, NY, Jason Leventhal, Jr., Law Offices of Jason Leventhal, Jr., Staten Island, NY, Stephen R. Mahler, Mahler, Miller, Harris & Engel, P.C., Jason L. Russo, Kew Gardens, NY, for Defendants.

Lara Treinis Gatz, United States Attorney's Office, Central Islip, NY, for Plaintiff.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Defendant John McConnell ("Defendant") moves this Court to assign the present case to U.S. District Court Judge Sandra J. Feuerstein, pursuant to Rule 50.3(c) of the Local Rules of the Eastern District of New York Governing Division of Business Among District Judges ("Local Rules").

For the following reasons, Defendant's motion is **DENIED**.

### Background

Defendant is facing a eighty-three count indictment involving a multi-state conspiracy to defraud motor vehicle purchasers. *United States v. Astra Motors, et al.* ("Astra Motors") is designated as CR–04–774.

On December 24, 2003, the United States filed a civil complaint seeking forfeiture of various properties purportedly owned by some of the Co–Defendants in the Astra Motors case. The civil case was randomly assigned to this Court. The complaint does not make any reference to the Defendant. *United States v. Real Property and Premises Located at 322 Richardson Street, Brooklyn, New York et al.*, 2003 WL 23884642 (E.D.N.Y.Dec. 24, 2003) is designated as CV–03–6456.

On April 20, 2004, Defendant and another Co–Defendant in the Astra Motors case, Robert Morris, were indicted by a Grand Jury sitting in the Eastern District of New York. Defendant's single-indictment case was assigned to Judge Feuerstein, while Mr. Morris's case was assigned to U.S. District Court Judge Joanna Seybert. The Defendant's case is designated as CR–04–0383.

On August 25, 2004, a Grand Jury sitting in the Eastern District of New York indicted the Defendant and 12 Co–Defendants in the Astra Motors case.[1]

All of the Defendants in the Astra Motors case appeared for the first time before this Court on September 9, 2004. On September 13, 2004, the Government submitted a letter requesting that this Court determine that the Astra Motors case be deemed "related" to civil case CV–03–6456. Defendant objected to this request.

On September 15, 2004, the Defendant submitted a letter to this Court further objecting to the Government's request to relate CV–03–6456 and CR–04–774. The Defendant then filed this motion on November 9, 2004, again requesting the Court deny the Government's request to relate the two cases and in addition, requesting that the Astra Motors case be reassigned to Judge Feuerstein.

---

1. A superseding indictment was filed on November 3, 2004.

## Analysis

■ Defendant's argument for reassignment of the Astra Motors case is grounded upon the Local Rules, adopted pursuant to 28 U.S.C. § 137. Both the Defendant and the Government are reminded to read the preamble to the Local Rules which states that "[t]hese rules are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys. . . ." Furthermore, as this Court has heretofore stated, "these rules are not intended to give the parties a right to litigate where a particular case will be tried, but merely provide the guidelines by which the Eastern District administratively handles and assigns its cases." *United States v. Garces,* 849 F.Supp. 852, 861 (E.D.N.Y. 1994); *see also United States v. All Funds on Deposit in Bus. Money Mkt. Account No. 028–0942059–66,* 319 F.Supp.2d 290, 293 (E.D.N.Y.2004).

In short, the Defendant does not have any rights to make the present motion and the present motion is denied on this ground. Moreover, there is no reason to hold that the forfeiture filing on December 24, 2003 should not be the controlling event here in that it involves the same facts and issues to be tried in all of the subsequently filed cases.

A "related" case is defined by Local Rule 50.3(a) as:

A case is "related" to another for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge.

Concerning criminal cases, Local Rule 50.3(c) further provides:

(c) Criminal Cases.

Criminal cases are "related" only when (A) a superseding indictment or information is filed, or (B) more than one indictment or information is filed against the same defendant or defendants, or (C) when an application is filed by a person in custody that relates to a prior action. Other cases will be deemed "related" only upon written application by a party, upon not less than ten days' notice to each other party, to the judge presiding over the earlier assigned case. The application will be granted only if a substantial saving of judicial resources is likely to result form assigning both cases to the same judge, or is otherwise in the interest of justice.

The Defendant argues that pursuant to Local Rule 50.3(c)(B) the Astra Motors case is "related" to his earlier indictment pending before Judge Feuerstein as he is the same defendant in both indictments. (Def.'s Mem. at 3). The cases are "related," but Local Rule 50.3(c) is addressed only to criminal cases. An earlier matter—the December 2003 civil complaint—must also be considered, however, when deciding whether any cases involving the Defendant are "related" under the Local Rules. The Local Rules allow criminal cases to be related to civil cases when there exists "similarity of facts and legal issues or because the cases arise from the same transactions or events." Local Rule 50.3(a). The reasoning cited by the Defendant is inapplicable as Local Rule 50.3(c)(B) only pertains to whether two *criminal* cases are related whereas here we are confronted with criminal and civil matters.

■ The Government argues that the Defendant's case should be related to the Astra Motors case under the language in Local Rule 50.3(c) which states that "other cases" may be treated as "related" upon written application by a party and if relating the cases would result in a substantial "saving of judicial resources" or is "in the

interest of justice." (Gov't. Mem. at 3). The Government contends that the Astra Motors case is related to the December 2003 civil complaint because "the criminal indictment seeks forfeiture of the identical properties named as defendants in the civil complaint because the properties are proceeds of illegal conduct ...," presumably the alleged conspiracy between and amongst the Defendant and Co–Defendants in the present indictment. (Gov't. Mem. at 4–5). Although the Defendant is not named in the civil complaint, the proceeds the Government seeks to forfeit in the civil case are the fruits of the conspiracy in which the Defendant is allegedly a participant.

Indeed in the great majority of forfeiture (drug) cases brought in this Court the criminal charges are set forth at the beginning and are immediately followed by the forfeiture claims. This case is a rarity in that the forfeiture case was brought first and separately and the indictment involving the same facts and issues was brought in a second case thereafter.

This Court agrees with the Government that substantial savings of judicial resources will result by allowing both the civil complaint and this present indictment to proceed before this Court. "Based on the facts [of the civil complaint and the Astra Motors case] it is clear that the evidence that will be produced in the civil case, already assigned to this Court, is virtually identical to the evidence that will be produced at the criminal trial." (Gov't. Mem. at 5). Given the complexity of the Astra Motors case[2] and considering the direct relationship that allegedly exists between the properties listed as defendants in the civil complaint and the conspiracy which lies at the heart of the present indictment, it makes sense to have both cases proceed together.

### Conclusion

The Government has made a timely written application to the Court requesting that this Court hear all cases involving the Defendant and Astra Motors in accordance with Local Rule 50.3(c). Despite the Defendant's objection, and for the foregoing reasons, the Government's request is hereby granted.

Defendant's motion is **DENIED.**

**SO ORDERED.**

---

**2.** This Court deemed this case to be a complex case pursuant to 18 U.S.C. Section 3161(h)(8)(B)(ii). Defendant Sanford Edmonston has not agreed to this designation and has made a motion to vacate the same which is pending before this Court.