**LEON C. BAKER, P.C., Plaintiff,**

**v.**

**J.R. BENNETT, Laura Bennett, James L. North Associates and Hare, Wynn, Newell and Newton, Defendants.**

No. 95 Civ. 7780 (WCC).

United States District Court,
S.D. New York.

Sept. 24, 1996.

Arfine & D'Ambrozio, L.L.P., Hawthorne, NY, for Plaintiff; Dominick N. D'Ambrozio, of counsel.

Conway, Farrell, Curtin & Kelly, P.C., New York City, for Defendants J.R. Bennett, Laura Bennett and James L. North Associates; John A. McManus, Anne P. Richter, of counsel.

Heidell, Pittoni, Murphy & Bach, P.C., New York City, for Defendant Hare, Wynn, Newell and Newton; Barbara A. Sheehan, Richard J. Sheridan, of counsel.

*OPINION AND ORDER*

WILLIAM C. CONNER, Senior District Judge.

Plaintiff asserts claims for violation of its constitutional right to due process under 42 U.S.C. § 1983, conversion, and punitive damages. Defendants have moved to dismiss the complaint on grounds that this court lacks jurisdiction over them, Fed.R.Civ.P. 12(b)(2), that venue is improper, Fed.R.Civ.P. 12(b)(3), and that the complaint fails to state a claim upon which relief can be granted, Fed. R.Civ.P. 12(b)(6). In the alternative, defendants seek change of venue to the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a), and have moved to strike scandalous matter alleged in the complaint pursuant to Fed.R.Civ.P. 12(f). Plaintiff has moved for partial summary judgment.[1] For the reasons discussed below, defendants' motion to change venue is granted.

*BACKGROUND*

Plaintiff Leon C. Baker, P.C. (the "Corporation") is a professional corporation organized under the laws of the State of New York. Leon C. Baker ("Baker"), a resident of Florida, is the sole shareholder of the Corporation. Defendants J.R. Bennett and Laura Bennett (collectively, the "Bennetts") are residents of Florida. Defendants James North & Associates ("Associates") and Hare, Wynn, Newell & Newton ("Hare") are partnerships engaged in the practice of law in Birmingham, Alabama. All members of Associates and Hare are residents of Alabama.

The Corporation has been a customer of Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill") since 1990, and, as of October 1, 1994, had on deposit with Merrill securities with a market value in excess of $1 million. Plaintiff alleges that, during all times relevant to this action, all certificates for securities in the Corporation's account with Merrill were located in the State of New York and within the Southern District of New York.

This action arises from the Bennetts' efforts to satisfy a $440,025 judgment of the

---

1. Plaintiff has agreed to withdraw its third "claim" for punitive damages if summary judgment is granted on its first two claims.

Circuit Court of Madison County, Alabama, entered on June 20, 1991, on a jury verdict in favor of the Bennetts and against Baker on the Bennetts' claim that Baker defrauded them (the "Judgment"). On July 24, 1992, the Alabama Supreme Court affirmed the Judgment, and on September 4, 1992, denied plaintiff's application for rehearing; plaintiff's petition for writ of certiorari to the United States Supreme Court challenging the validity of the Alabama judgment was denied. *Baker v. Bennett,* 603 So.2d 928 (Ala.1992), *cert. denied,* 507 U.S. 912, 113 S.Ct. 1260, 122 L.Ed.2d 658 (1993).

In an attempt to enforce their Judgment against Baker in Alabama, the Bennetts brought garnishment proceedings in the Circuit Court for Madison County, Alabama against Merrill and two other national securities firms with which Baker and his wife had accounts as tenants by the entirety demanding that the securities firms bring into Alabama securities of Baker which the Bennetts could apply to their judgment against Baker.[2] In that proceeding, the Bennetts also sought a decree in equity requiring Baker or one or more of the securities firms to transfer securities to Alabama to be used to satisfy the Judgment. The Circuit Court for Madison County dismissed the Bennetts' garnishment proceeding on the ground that it could not issue a garnishment over out-of-state assets that were beyond its jurisdiction. The Alabama Supreme Court affirmed this decision, and the Bennetts' application for rehearing in the Alabama Supreme Court was denied. *Baker v. Bennett,* 644 So.2d 901 (Ala.1994).

The Bennetts then initiated an action in the Circuit Court for Jefferson County, Alabama before Judge Monroe, through their attorneys Associates and Hare, invoking the equitable jurisdiction of the court under sections 6–6–180 and 6–6–185 of the Alabama Code to enforce their Judgment against Baker. These sections provide as follows:

> When an execution for money from any court has been issued against a defendant and is not satisfied, the plaintiff, or the person for whose benefit such execution is

sued out, may file a complaint against such defendant to compel the discovery of any property belonging to him, or held in trust for him, and to prevent the transfer, payment or delivery thereof to such defendant, except when the trust has been created by, or proceeds from, some other person than the defendant himself; and the court may bring any other party before it and adjudge such property, or the interest of the defendant therein, to the satisfaction of the sum due the plaintiff.

*Ala.Code* § 6–6–180 (1975).

> If, from the answer, it appears that the defendant had property, real and personal, or an interest in property, real or personal, subject to the payment of debts, or has money, effects, or choses in action or an interest in moneys, effects or choses in action subject to the payment of debts, whether such property, money, effects or choses in action are within or without the state, the court must make all such orders or judgments as may be necessary and proper to reach and subject such property, moneys, effects, or choses in action and, for that purpose, may appoint a receiver with authority to demand, commence an action for and recover or otherwise to reduce to possession such property, moneys, effects, or choses in action and may require the debtor to make to such receiver all conveyances, assignments, or transfers which may be necessary and proper to enable him to receive or to commence an action for and recover such property.

*Ala.Code* § 6–6–185 (1975).

According to plaintiff, the Bennetts were seeking the same relief that had been denied in 644 So.2d 901. Judge Monroe did not agree:

> These equitable statutory provisions are not available, of course, until a party has exhausted his legal remedies. Here, the Bennetts first attempted to enforce their judgment through the legal process of garnishment against these securities firms and even urged the court to employ its equitable powers in aid of that legal reme-

---

**2.** Associates and North represented the Bennetts in the underlying fraud action against Baker and in these garnishment proceedings.

dy. As noted, the Supreme Court [of Alabama] held that the securities in question were not subject to garnishment because they were located outside Alabama. Thus, the Bennetts have exhausted their legal remedies, and now, in these proceedings, turn to the equitable remedies provided in §§ 6–6–180, 6–6–185 and 12–11–31, *Code of Alabama* (1975). While the Bennetts' prior effort at garnishment was unavailing because the securities were located out of state, that problem is not present in these proceedings. Section 6–6–185 expressly provides that property located "without the state" is subject to the remedies therein provided.

*Bennett v. Baker,* No. 94–5629, slip op. at 3 (Ala.Cir.Ct. Oct. 25, 1994).

Plaintiff claims that in response to a discovery request from Associates and Hare requesting information as to Baker's account with Merrill, Merrill submitted a statement of the Corporation's account omitting from the name of the account (Leon C. Baker, P.C.) the initials "P.C." According to plaintiff, this omission made it appear that the account belonged to Baker rather than to the Corporation. Baker called to Merrill's attention this purported error, and Merrill allegedly wrote to Judge Monroe, with copies to Associates and Hare, stating that the title on the account statement was erroneous because of the omission of "P.C." and that the account was actually the property of the Corporation, not Baker. However, Judge Monroe specifically concluded as a finding of fact that the account belonged to Baker and not the Corporation. Associates and Hare prepared orders on behalf of the Bennetts, which Judge Monroe signed, directing Merrill to liquidate securities in the account and to wire transfer $724,353 of the funds from its Merrill account to Associates and Hare. Pursuant to the orders, Merrill sold a three-month treasury bill in the account and wire transferred $724,353.33 from the account to Associates and Hare. The Alabama Supreme Court affirmed the rulings in the Jefferson County Circuit Court, and denied Baker's motion for a rehearing of its decision. *Baker v. Bennett,* 660 So.2d 980 (Ala.1995), *reh'g denied,* 667 So.2d 743 (Ala.1995).

Plaintiff alleges that Judge Monroe at that time was a candidate or a prospective candidate for election to a higher judicial office, namely a judgeship on an Alabama intermediate appellate court, the Court of Civil Appeals. Plaintiff also alleges that Associates and Hare supported Judge Monroe's candidacy and made substantial monetary and other contributions to his campaign. Plaintiff further alleges that, because of this support, Judge Monroe was predisposed to "sign virtually any order which [Associates and Hare] presented for his signature and to rule in their favor on any case which came before him in which the firms were attorneys for one of the parties ... regardless of the merits of the case." Compl. ¶ 23. Plaintiff claims that defendants used this influence over Judge Monroe to violate its due process rights under color of state law by knowingly seizing its out-of-state assets on the pretense that they were assets of Baker, even though the Corporation was not a party to the proceedings.

Subsequently, the Corporation commenced an action against Merrill and the Bennetts in Palm Beach County, Florida, alleging abuse of process and due process violations based on the improper transfer of assets of the professional corporation in satisfaction of a personal judgment in connection with the Bennetts' action in Jefferson County, Alabama. That action was dismissed on June 12, 1995, and is currently on appeal. *Baker v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* No. 94–8318, slip op. (Fla.Cir.Ct. Jun. 12, 1995).

Plaintiff alleges in this action that the "transfer was wantonly and with complete disregard (a) of the separate corporate entity of the Corporation, (b) of the fact that the Corporation had not been party to the proceeding, (c) that the Corporation had not been served with any process or notice of the proceeding, (d) that there had been no evidentiary hearing as to ownership of the account, (e) that the Corporation was not subject to personal jurisdiction of Alabama Courts, (f) that none of the property in the Merrill account ever was in Alabama or subject to *in rem* or *quasi in rem* jurisdiction of Alabama courts, and (g) that the proceedings

against the Corporation in the Circuit Court for Jefferson County, Alabama constituted a denial of due process of law in violation of Amendment XIV of the United States Constitution." Compl. ¶ 35. In addition to the due process claim, plaintiff asserts a claim for conversion, Compl. ¶ 40, and seeks punitive damages, Compl. ¶ 42.

## DISCUSSION

■ As a threshold matter, we must decide which issue—venue or jurisdiction—to take up first. The Second Circuit has intimated that trial courts should first decide the issue of personal jurisdiction and then proceed to consider the issue of venue, if the court finds that it has personal jurisdiction over the defendant. *See Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir.1963) (en banc) ("We shall therefore ... remand the case for consideration of the issue of jurisdiction over the person of the defendant and, in the event that this be found, the issue of venue, prior to consideration of the merits."). However, the Supreme Court has suggested that because personal jurisdiction is not fundamentally preliminary in the same way that subject matter jurisdiction is, a court may consider venue first, before it considers the issue of personal jurisdiction, when there are sound reasons for doing so. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 2714–15, 61 L.Ed.2d 464 (1979) ("[W]hen there is a sound prudential justification for doing so ... a court may reverse the normal order of considering personal jurisdiction and venue."); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962) ("Nothing in [the language of the transfer statute] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants."). Because we believe that there are sound reasons for reversing the custom-

ary order in this case, we address the issue of venue first.

Venue "serves the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred." *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1576 (Fed.Cir.1990), *cert. denied*, 499 U.S. 922, 111 S.Ct. 1315, 113 L.Ed.2d 248 (1991). A civil action where jurisdiction is not founded solely on diversity of citizenship "may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C.A. § 1391(b) (West 1993). Plaintiff asserts venue in this district pursuant to subsection 2 on the ground that the conversion of its securities occurred in New York.

We assume for the purpose of this opinion that venue is proper in the Southern District of New York, and address defendants' motion to transfer venue pursuant to section 28 U.S.C. § 1404(a).[3]

■ We conclude that the proposed transferee jurisdiction is a proper forum for resolution of this dispute. This action initially could have been brought in the Northern District of Alabama. 28 U.S.C. § 1404(a). Plaintiff argues that the Southern District of New York is the only proper venue because the only relevant activity— i.e., the conversion of the treasury bills— occurred in New York. Even assuming the validity of plaintiff's position that the liqui-

---

3. Section 1404(a) provides as follows:
   For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
   28 U.S.C.A. § 1404(a) (West 1993). Change of venue from a district in which venue is not

proper is controlled by 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

dation of its securities and transfer of the proceeds to defendants' accounts constitutes "substantial activities" occurring in the Southern District of New York, the fact that substantial activities may have taken place in districts other than the Northern District of Alabama is not dispositive. *See Bates v. C & S Adjusters, Inc.,* 980 F.2d 865, 867 (2d Cir.1992) ("Admonition against recognizing multiple venues has been disapproved."); *PI, Inc. v. Quality Prods., Inc.,* 907 F.Supp. 752, 757 (S.D.N.Y.1995) ("Venue is proper in *each* district that is the situs of a substantial part of the events or omissions giving rise to the claim.") (emphasis added). Venue would lie in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b)(2) because a "substantial part of the events . . . giving rise to the claim[s]" asserted in this action occurred in the Northern District of Alabama. Plaintiff's allegations attacking generally the fairness of the Alabama state court system and attacking personally the integrity and impartiality of Alabama state court judges arise out of the various Alabama state court proceedings in which Baker was involved. The vast majority, if not all, of the events giving rise to plaintiff's claims took place not in New York, but in Alabama. Finally, the Northern District of Alabama seemingly would have personal jurisdiction over all defendants. Associates and Hare are domiciled in Alabama, and the Bennetts have availed themselves of the laws of Alabama by invoking its courts to obtain and enforce a judgment against Baker.

The factors to be considered in deciding a motion to transfer venue include the following: (1) the place where the operative facts occurred; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the relative ease of access of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the plaintiff's choice of forum; (7) the forum's familiarity with the governing law; and (8) trial efficiency and the interests of justice. *Dahl v. HEM Pharmaceuticals Corp.,* 867 F.Supp. 194, 195 (S.D.N.Y.1994); *Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.,* 774 F.Supp. 858, 867–68 (S.D.N.Y.1991). The burden is on the moving party to establish that there should be a change of venue.

*Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). Balancing these factors is left to the sound discretion of the district court. *Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.,* 865 F.2d 513, 520 (2d Cir.1989).

Substantially all (if not all) of the operative facts occurred in Alabama. The Bennetts obtained the judgment against Baker in Alabama. The Bennetts brought garnishment proceedings in Alabama. The Alabama Circuit Court for Madison County dismissed the garnishment proceedings. The Alabama Supreme Court affirmed the dismissal of the garnishment proceedings. The defendants allegedly entered into a plan to exert influence over a judge for the Circuit Court for Jefferson County, Alabama. The defendants obtained a temporary restraining order allegedly over plaintiff's property in the Circuit Court for Jefferson County, Alabama. An Alabama Circuit Court Judge for Jefferson County ordered Merrill to liquidate securities in plaintiff's account and transfer the resulting funds to an account for the benefit of the Bennetts in Alabama. The only operative fact that plaintiff can identify which even arguably occurred in New York is the alleged conversion of its securities by defendants. Even assuming that defendants can be said to have committed conversion in New York based on the facts alleged in this case, we conclude that the vast majority of operative facts supporting plaintiff's claims occurred in the Northern District of Alabama. Therefore, the first factor favors transfer to the Northern District of Alabama.

Second, New York is not a convenient location for any of the parties. Although plaintiff is incorporated in New York, its sole shareholder (and arguably its alter ego), Baker, resides in Florida. Alabama would be no less convenient than New York for Baker or his Corporation to litigate this action. The Bennetts are also residents of Florida. However, because the Bennetts availed themselves of the Alabama courts to obtain and enforce their Judgment against Baker, Alabama cannot be considered an inconvenient forum for them. Finally, all the

members of Associates and Hare reside in Alabama.

Third, although the parties have not identified all the witnesses who would be called to testify in this action, it seems unlikely that New York would be convenient to any witness in this case, particularly in light of the fact that substantially all the relevant events occurred in Alabama. On the other hand, all the members of Associates and Hare, presumably competent to testify with respect to issues relevant to this case, reside in Alabama. Also, defendants have identified one prospective witness, Baker's attorney in the Alabama proceedings, who resides in Alabama. Plaintiff, on the other hand, has identified no witness who resides in New York. Furthermore, plaintiff has advanced no argument that convince this court that it would be any less convenient for it to litigate in Alabama than here.

Fourth, transfer of venue to the Northern District of Alabama would better provide relative ease of access of proof. All transcripts or other records of the proceedings are in Alabama. Any records relating to improper campaign contributions are likely to be found in Alabama. Even with the conveniences of modern technology such as photocopy machines, document production would be more easily conducted in Alabama than in New York.

Fifth, the availability of process is not a major factor in this case.

The sixth factor, plaintiff's choice of forum, is the only factor that favors venue in New York.

Seventh, the Northern District of Alabama is at least as competent as the Southern District of New York to address issues of constitutional violations. Furthermore, to the extent that a court will have to decide issues such as the reach of Alabama's long-arm statute and application of provisions of the Alabama Code, the United States District Court in Alabama presumably would be more familiar with Alabama state law than would this court.

■ Finally, trial efficiency and the interests of justice lean in favor of transferring venue to the Northern District of Alabama.

Where plaintiff has lodged strong allegations attacking the integrity of Alabama's state court system, and in the process has specifically accused an Alabama state court judge of exercising bias in favor of campaign contributors, we deem it appropriate, particularly where so many other factors weigh in favor of transfer, to leave such issues to be decided by the United States District Court for the Northern District of Alabama.

Although plaintiff's choice of this forum militates against transferring venue, personal jurisdiction over defendants by this court is questionable, and plaintiff has conspicuously avoided bringing this action in federal court in Alabama—clearly the most convenient forum—on the sole ground that cronyism runs rampant in the Alabama state court system with state court judges administering justice on the basis of campaign contributions. Even assuming the validity of plaintiff's fear of biased judges in the Alabama state court system, such concerns should be allayed by the fact that it will be litigating in a federal court, where campaign contributions have no influence.

In sum, the crux of plaintiff's complaint against defendants is that (1) the defendants exerted improper influence over a cooperative judge to satisfy the Bennetts' judgment against Baker with assets held by the Corporation, thereby denying the Corporation its due process right in violation of the fourteenth amendment to the United States Constitution, and (2) defendants' actions constituted a conversion of the Corporation's property. Plaintiff relies on 28 U.S.C. § 1391(b)(2) to assert venue in this district on the ground that the certificates representing the treasury bills, which allegedly were converted by defendants, were held in New York by Merrill.

■ Even assuming that plaintiff is correct that venue is proper in the Southern District of New York, we conclude that there are overwhelming reasons to transfer the case to the Northern District of Alabama. Furthermore, the court has the power to transfer this suit to a district where it might have been brought even though it does not have personal jurisdiction over defendants.

*Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §§ 3827, 3844 (1986).

### SUMMARY

For the foregoing reasons, defendants' motion to change venue to the Northern District of Alabama is granted. Pursuant to L.R. 26, the Clerk shall, upon expiration of five (5) days, mail to the Clerk for the Northern District of Alabama certified copies of this opinion and order and of the docket entries in this case, and the originals of all other papers on file in this case.

SO ORDERED.