Richard B. SCHWARTZ, Plaintiff,

v.

MARRIOTT HOTEL SERVICES, INC., d/b/a Newark Airport Marriott, Host Marriott L.L.P. and Marriott Corporation, Defendants.

No. 01 CV 2515 ADS ARL.

United States District Court, E.D. New York.

Feb. 23, 2002.

Schwartz & Grodofsky, P.C. by Richard B. Schwartz, Esq., Mineola, NY, for Plaintiff.

Garbarini & Scher, P.C. by William G. Scher, Esq., New York City, for Defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This diversity case is a personal injury action to recover damages for injuries allegedly suffered by Richard B. Schwartz ("Schwartz" or the "plaintiff") when he slipped and fell on a freshly-shampooed rug in the Newark Airport Marriott, a hotel operated by defendant Marriott Hotel Services d/b/a Newark Airport Marriott ("Newark Airport Marriott" or a "defendant"). Presently before the Court is a motion by the defendants to transfer the

case to the District Court for the District of New Jersey.

## I. BACKGROUND

### A. The Complaint

The complaint alleges that on April 28, 1999, Schwartz slipped and fell on a freshly shampooed carpet in the Newark Airport Marriott hotel. As a result of the fall, Schwartz sustained physical injuries, some of which were permanent. He claims to have required surgery on his right rotator cuff and to have missed days of work. He seeks $500,000 in damages.

The complaint also alleges that the Newark Airport Marriott was operated pursuant to an agreement between the hotel and another defendant, Host Marriott, L.P. ("Host Marriott" or a "defendant"). The plaintiff contends that the Newark Airport Marriott and Host Marriott "were franchisees and/or subsidiaries of" defendant Marriott Corporation ("Marriott Corporation"). According to the complaint, the Newark Airport Marriott is a Delaware corporation with a principal place of business in New Jersey; Host Marriott is a limited partnership with its principal place of business in Maryland; and Marriott Corporation is a Delaware corporation with its principal place of business in Washington, D.C.

### B. The Motion to Transfer

The defendants assert that transfer of this case to the District of New Jersey is proper because the Newark Airport Marriott is located in New Jersey; the plaintiff is the only witness in the Eastern District of New York; inspection of the hotel by counsel, the experts, and the jury would occur in New Jersey; Marriott's non-party material witnesses are located in New Jersey, which is beyond the subpoena power of this Court; the documents necessary to Marriott's defense are in New Jersey; the case involves an issue important to jurors

in New Jersey, namely, whether the Newark Airport Marriott was negligent; the case involves the application of New Jersey law; and the only reason the case is pending in this district is because the plaintiff lives here.

Schwartz opposes transfer of the case. He points out that the distance between the courts is short and, thus, real inconvenience to the parties is not a factor. Schwartz states that each venue is inconvenient to one of the parties, because the Newark Airport Marriott is in New Jersey, and he lives in New York. He also asserts that the evidence is located in both venues, because the accident occurred in New Jersey, and he received medical treatment in New York. He claims that venue does not affect the ability of Marriott to compel the attendance of its witnesses because the witnesses likely live within 100 miles of the Court and, in any event, are under Marriott's control. On the other hand, states Schwartz, his non-party witnesses are not under his control and live in Nassau County. Schwartz agrees that New Jersey law applies in this case but argues that the case does not involve complex issues of law. Schwartz further alleges that this case does not involve issues of social consequence that warrant transferring the case to New Jersey. He claims that his choice of forum should be accorded great weight.

## II. DISCUSSION

A motion to change venue from one federal district court to another when venue is initially proper, is governed by 28 U.S.C § 1404(a), which provides, in relevant part:

> [F]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The goal of Section 1404(a) "is to prevent waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964) (quoting *Continental Grain Co. v. Barge FBL– 585,* 364 U.S. 19, 26–27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)). "[M]otions to transfer are within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir.1992) (citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)).

■ The inquiry on a motion to transfer venue is twofold. First, the Court must determine whether the action "might have been brought" in the forum to which the movant seeks to have the case transferred. If so, the second issue for the court to resolve is whether the "convenience of the parties and witnesses" and the "interests of justice" warrant transferring the case. *See* 28 U.S.C. § 1404(a); *Merkur v. Wyndham Int'l, Inc.,* 2001 WL 477268 *1 (E.D.N.Y. March 30, 2001) (citing *Baker v. Bennett,* 942 F.Supp. 171, 175–76 (S.D.N.Y.1996)); *Laumann Mfg. Corp. v. Castings USA,* 913 F.Supp. 712, 720 (E.D.N.Y.1996).

■ Courts generally weigh a number of factors to in making the latter decision, and none of them is singly dispositive. *See Modern Computer Corp. v. Ma,* 862 F.Supp. 938, 948 (E.D.N.Y.1994); *see also Blass v. Capital Int'l Security Group,* 2001 WL 301137 *4 (E.D.N.Y. March 23, 2001); *Longo v. Wal–Mart Stores, Inc.,* 79 F.Supp.2d 169, 171 (E.D.N.Y.1999). The criteria include: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the district court's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice. *See Merkur,* 2001 WL 477268 *2; *Blass,* 2001 WL 301137 *4; *Longo,* 79 F.Supp.2d at 171 (citing *Pall Corp. v. PTI Technologies, Inc.,* 992 F.Supp. 196, 199 (E.D.N.Y.1998)).

■ The moving party bears the burden of clearly establishing that a transfer is appropriate and that the motion should be granted. *See Laumann,* 913 F.Supp. at 720; *Merkur,* 2001 WL 477268 *1; *Longo,* 79 F.Supp.2d 169, 171 (E.D.N.Y.1999); *see also Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 217–18 (2d Cir.1978). To meet this burden, the moving party must support the application with an affidavit containing detailed factual statements relevant to the factors the Court considers when deciding a motion to transfer venue. *See Photoactive Productions, Inc. v. Al Or Int'l, Ltd.,* 99 F.Supp.2d 281, 292 (E.D.N.Y.2000) (*citing Factors,* 579 F.2d at 218); *see also Blass,* 2001 WL 301137 *4 (E.D.N.Y. March 23, 2001).

As to the first query, the Court finds that this case could have been brought in the District of New Jersey. The parties are diverse: the plaintiff is a resident of New York; the Newark Airport Marriott is a Delaware corporation with its principal place of business in New Jersey; Host is a limited partnership with its principal place of business in Maryland; and Marriott Corporation is Delaware corporation with its principal place of business in Washington, D.C. Venue in the District of New Jersey would be proper under 28 U.S.C. § 1391(a)(2), as it is the district in which a substantial part of the acts or omissions giving rise to the claim occurred. Having answered the threshold question affirma-

tively, the Court must examine whether the defendants have met their burden of clearly establishing that the convenience of the parties and witnesses, as well as the interest of justice, warrant transfer to the District of New Jersey. *Merkur,* 2001 WL 477268 *1; *Longo,* 79 F.Supp.2d at 171; *Laumann Mfg. Corp.,* 913 F.Supp. at 720.

## A. Convenience of the Witnesses

▮ Convenience of the witnesses generally is the most important consideration when deciding a motion to transfer venue under section 1404(a). *See Merkur,* 2001 WL 477268 *1; *Blass,* 2001 WL 301137 *5. The defendants have identified a number of witnesses who would be called to testify about the incident and who either live or work in New Jersey. These potential witnesses include hotel security and housekeeping staff as well as four named individuals. On the other hand, Schwartz has identified five witnesses who would testify on his behalf, and all of them reside in New York. Those individuals include: the limousine driver who drove one Irene Nordlund to the Newark Airport Marriott to retrieve the injured Schwartz; Ms. Nordlund who drove Schwartz home in his car; and the three doctors who treated him.

▮ Notably, "it is not the number of prospective witnesses that determines the appropriateness of a transfer but, rather, the materiality of their anticipated testimony." *Merkur,* 2001 WL 477268 *3 (citing *Dwyer v. General Motors Corp.,* 853 F.Supp. 690, 695 (S.D.N.Y.1994)). None of the defendants' witnesses is an eyewitness to the incident. Rather, the security staff responded to the scene of the accident; housekeeping staff spoke with the plaintiff about his fall and administered first aid; and the four named individuals observed Schwartz after his fall. Except for the four named individuals the defendants' witnesses are employees of the Newark Airport Marriott and, thus, are not non-party witnesses. The Court notes that the defendants have failed to inform the Court as to whether the four named witnesses are employees of the hotel.

Similarly, none of the plaintiff's non-party witnesses observed the accident. Three of the plaintiff's five witnesses are doctors who treated him upon his return to New York, and the limousine driver and Ms. Nordlund were not aware of the accident until after it occurred. Although all five of Schwartz's witnesses are non-party witnesses, three are doctors, and Schwartz has not indicated what hardships might arise from having these doctors testify by deposition pursuant to Fed.R.Civ.P. 32. In addition, the plaintiff can effectively place the testimony of his New York physicians before a New Jersey jury by either a video deposition or live video testimony. *See Longo,* 79 F.Supp.2d at 172.

Thus, the plaintiff has two non-party witnesses who would be inconvenienced by traveling to New Jersey to testify, while the defendants may have four non-party witnesses who would be inconvenienced by traveling to New York to testify. As such, it appears that this factor weighs in favor of transfer. However, the testimony these witnesses would provide relates to the plaintiff's appearance following the accident and, thus, its materiality is questionable. More importantly, the defendants have not mentioned what, if any, problems would arise from these four named individuals testifying by deposition pursuant to Fed.R.Civ.P. 32. Further, the Court takes judicial notice of the fact that the venues at issue in this case are, at most, 65 miles apart. Thus, to the extent that the convenience of the witnesses weighs in favor of transfer, it weighs only slightly in that direction. *See Habrout v. City of New York,* 143 F.Supp.2d 399, 401 (S.D.N.Y. 2001) (declining to transfer a case from the

Southern District of New York to the Eastern District of New York, because the short distance between the two courthouses did not inconvenience the defendants to such a degree that the plaintiff should be deprived of his choice of forum) (citing *Wellington Computer Graphics, Inc. v. Modell*, 315 F.Supp. 24, 28 (S.D.N.Y.1970) ("In effect defendants are claiming that being forced to appear in New York City rather than Newark, New Jersey—cities twelve miles apart—so substantially inconveniences them that plaintiff should be deprived of its choice of forum. The contention is frivolous.")).

**B. The Convenience of the Parties**

█ A transfer of venue should not merely shift the burden of inconvenience from one party to another. *See Merkur*, 2001 WL 477268 *3 (citing *Schieffelin & Co. v. Jack Co. of Boca, Inc.*, 725 F.Supp. 1314, 1322 (S.D.N.Y.1989)); *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 988 (E.D.N.Y.1991). Host Marriott and Marriott Corporation would be obligated to travel regardless of whether this action is heard in the Eastern District of New York or the District of New Jersey. Host Marriott is a limited partnership with its principal place of business in Maryland, and the Marriott Corporation is a Delaware corporation with its principal place of business in Washington, D.C. Because the remaining defendant, Newark Airport Marriott, is a resident of New Jersey, while the plaintiff is a resident of New York, a transfer of venue would merely shift the burden of inconvenience from one party to another. *See Merkur*, 2001 WL 477268 *3; *Hernandez*, 761 F.Supp. at 988. Accordingly, this factor is neutral.

**C. The Locus of Operative Facts and Access to Sources of Proof**

The injury at issue was sustained by the plaintiff in New Jersey. On the other hand, following the accident, the plaintiff was transported to New York where he underwent surgery and received other medical care. Thus, the relevant evidence is located in both venues. In addition, this is not a document-heavy case in which the parties must wade through rooms full of documents all of which are warehoused in New Jersey. With reasonable certainty, the Court believes that this case will involve the introduction of a small number of documents and photographs, all of which are easily mailed or carried from one venue to the other. Given the straightforward nature of the allegations and the availability of photographs and diagrams, the Court is not persuaded by the defendants' argument that the case should be transferred because the Court and the jurors will be visiting the scene of the accident. Accordingly, this factor is neutral.

**D. The Ability to Compel the Attendance of Witnesses**

The defendants argue that the security and housekeeping staff as well as the four named individuals they intend to call as witnesses cannot be compelled to testify in New York. However, the defendants fail to provide any evidence that any of these persons is unwilling to testify on the defendants' behalf in a trial in New York. *See Brozoski v. Pfizer, Inc.*, 2001 WL 618981 *4 (S.D.N.Y. June 6, 2001) (citing *Soto v. Bey Transportation Co.*, 1997 WL 407247 (S.D.N.Y. July 21, 1997) (holding that where a defendant fails to present evidence demonstrating that its witnesses would be unwilling to testify, the ability to compel the attendance of witnesses is not a factor in the transfer-of-venue analysis)). Moreover, all but four of these witnesses are employees of the Newark Airport Marriott, and generally, the employees of parties are, as a practical matter, available to testify in any venue by virtue of the employment relationship. *See Merkur*, 2001 WL 477268 *4; *Citigroup, Inc. v. City*

*Holding Company*, 97 F.Supp.2d 549, 561 (S.D.N.Y.2000).

Assuming the four witnesses are not employees of the defendants, the Court finds that the defendants have failed to clearly establish that these individuals are beyond the subpoena power of the Court. The defendants state only that these witnesses live in New Jersey, without specifying the towns in which these people reside. Indeed, the defendants offer no evidence in support of their conclusory statement that their witnesses are beyond the subpoena power of the Court.

■ Moreover, to a reasonable degree of certainty, the Court finds it likely that the four allegedly non-party witnesses are subject to this Court's subpoena power. The 100 mile travel rule set forth in Rule 45(b)(2) is measured from a person's residence, workplace or place in which he regularly conducts business. The method of measurement is by a straight line rather than the usual "travel route method." *Hill v. Equitable Bank, Nat'l Ass'n*, 115 F.R.D. 184, 186 (D.Del.1987). The Court takes judicial notice that Newark International Airport Marriott is, at most, 65 miles away from this Courthouse. In addition, the four named witnesses are all New Jersey residents. Thus, it is quite likely that these four individuals live within 100 miles of this Court. Applying Rule 45(b)(2) to the facts relevant to this motion, which as noted, were not fully developed by the defendants, the Court finds that the defendants' witnesses are in all likelihood, amenable to the subpoena power of this Court. Given that the defendants have failed to provide any evidence that their witnesses are both unwilling to testify and live more than 100 miles from this Court, the Court finds that this factor is neutral.

### E. The Relative Means of the Parties

■ Where an apparent disparity exists between the parties, such as when an individual sues a large corporation, the court should consider the relative means of the parties. *See Pall Corp. v. PTI Techs., Inc.*, 992 F.Supp. 196, 200 (E.D.N.Y.1998). At first blush, this factor appears to weigh heavily against transfer, because Schwartz is an individual suing Marriott, which is undeniably a large corporation. However, the argument against transfer is mitigated by the fact that the District Court for the District of New Jersey is, at most, 65 miles from this Court. Thus, any increased cost the plaintiff might face by having to litigate the case in New Jersey is minimal. Accordingly, this fact weighs only slightly against transfer.

### F. The Forum's Familiarity with the Governing Law

■ The defendants argue, and the plaintiff does not dispute, that New Jersey law will apply whether the matter remains in New York or is transferred to New Jersey. However, "[w]here an action does not involve complex questions or another state's laws, courts in this district accord little weight to this factor on a motion to transfer." *Merkur*, 2001 WL 477268 at *5 (citing *Vassallo v. Niedermeyer*, 495 F.Supp. 757, 759 (S.D.N.Y.1980)). Thus, where as here, the action involves a relatively simple "slip and fall" personal injury negligence case, the fact that a New York court would apply New Jersey law "is of little consequence in the determination of this motion." *Id.* (quoting *Dwyer*, 853 F.Supp. at 694); *see also Vassallo*, 495 F.Supp. at 760. Accordingly, this factor weighs only slightly in favor of transfer to New Jersey.

### G. The Plaintiff's Choice of Forum

■ A plaintiff's choice of forum is generally entitled to considerable weight and should not be disturbed unless other factors weigh strongly in favor of trans-

fer. *See In re Nematron Corp. Secs. Litig.*, 30 F.Supp.2d 397, 404 (S.D.N.Y.1998); *Berman v. Informix Corp.*, 30 F.Supp.2d 653, 659 (S.D.N.Y.1998); *see also, Merkur*, 2001 WL 477268 at *5. The other factors in this case do not come down decidedly in favor of transfer. Two of the factors weigh slightly in favor of transferring the action; one factor weighs slightly against transferring the action; and the remaining two factors are neutral. Moreover, to the extent that two of the factors slightly favor transferring the action, the Court is reminded of the close proximity of the two venues and the relative ease with which the parties, witnesses, and proof can appear or be produced in either forum. Accordingly, the Court finds that the plaintiff's choice of forum is entitled to considerable weight.

## H. Trial Efficiency and the Interest of Justice

The defendants argue that New Jersey has a greater interest in this case because the matter involves the issue of "whether Marriott's maintenance of its hotel security was safe or whether it was negligent" (defendant's memorandum of law, p. 6). Although public interest in local adjudication of local controversies favors transfer, *see Hamilton v. Accu–Tek*, 47 F.Supp.2d 330, 347 (E.D.N.Y.1999), the Court finds that the plaintiff's fall in the Newark Airport Marriott does not involve issues endemic to New Jersey. The hotel at issue is an airport hotel, which generally are used briefly by airline passengers passing through the area rather than by tourists visiting the state. Furthermore, given the proximity of the two forums, any media coverage, by newspaper or television, will reach the local residents of New Jersey even if the case is heard in the Eastern District of New York. Accordingly, this factor is neutral.

Based upon the totality of the circumstances, the Court finds that the defen-

dants have not met their burden of demonstrating that transfer to the District of New Jersey would be in the interests of convenience and fairness. The plaintiff's choice of forum far outweighs the two factors that slightly favor transfer—convenience of the witnesses and the forum's familiarity with the applicable law. This is especially true where, as here, the forums are no further than 65 miles apart, and the case is a straightforward personal injury action that involves a minimum of evidence, witnesses and trial time. Section 1404(a) was "designed and reserved for those instances where the transfer was sought to a District Court substantially distant from the district where the action had been instituted; otherwise it is difficult to imagine that there could be real inconvenience to the parties or witnesses." *Jenkins v. Wilson Freight Forwarding Co.*, 104 F.Supp. 422, 425 (S.D.N.Y.1952) (holding that section 1404(a) was not designed to provide for the transfer of cases from the Southern District of New York to either the District of New Jersey or the Eastern District of New York). The defendants have fallen short of establishing the real inconvenience that would entitle them to a transfer of this action.

## III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the defendants' motion to transfer the venue of this action to the District of New Jersey is **DENIED**; and it is further

**ORDERED**, that the parties are directed to report to United States Magistrate Judge Arlene Rosario Lindsay forthwith to set a schedule for discovery.

**SO ORDERED.**