Michael I. KROLL, Plaintiff,

v.

Stevan LIEBERMAN and Michael Greenberg d/b/a "Greenberg & Lieberman," Defendants.

No. CV 02–3434.

United States District Court, E.D. New York.

Jan. 31, 2003.

Edwin D. Schindler, Esq., Five Hirsch Avenue, Coram, NY, for Plaintiff.

Greenberg & Lieberman by Stevan Lieberman, Tacoma Park, MD, for Defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is a declaratory judgment action brought to decide the parties' respective rights to use certain names in connection with the advertising of their legal services. Presently before the court is the motion of Defendants to dismiss the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, to transfer this matter to the United States District Court for the Southern District of New York.

## BACKGROUND

### I. The Parties and the Allegations of the Complaint

Plaintiff and Defendants are attorneys practicing law in the field of patents and trademarks. Plaintiff maintains an office within the Eastern District of New York. Defendants' office is located in Maryland. At issue here is the scope and validity of Defendants' trademark "A+ Legal Services." This trademark was registered in 1997 with the United States Patent and Trademark Office (the "PTO"). Listed as the owner and registrant of the trademark is: "Liebeenberg." Liebeenberg is listed as a partnership that is comprised of Stevan Lieberman and Michael Greenberg.

The law firm of Greenberg and Lieberman has used the trademark "A + Legal Services" to advertise their law firm in telephone directories. Greenberg and Lieberman appear to have a nation-wide practice and advertise in various editions of the "Yellow Pages," including, according to Plaintiff, within the Eastern District of New York. Not surprisingly, Defendants' use of the term "A+" allows their law firm to be listed first under the relevant listing in telephone directories.

At some time prior to commencement of this lawsuit, Plaintiff began advertising his legal services by use of the term "A++ Kroll Michael." Use of the "A++" before the listing of his name allows Plaintiff's advertisement to appear prior to the "A+" listing employed by Greenberg and Lieberman. Alleging that Kroll's use of "A++" infringes on its protected right to use "A+," Defendant Stevan Lieberman wrote to Kroll demanding that he immediately cease and desist from all use of the "A++" mark or be faced with "immediate and severe legal action." Lieberman's letter to Kroll was addressed to Kroll's Syosset, New York office. Faced with the prospect of impending legal action, Kroll commenced this declaratory judgment action to clarify the parties' rights.

### II. Defendants' Motion

Defendants seek dismissal of this case on the ground that Plaintiff has named the wrong parties as defendants. According to Defendants, Liebeenberg, the owner of the trademark at issue, is a corporation, not a partnership and therefore it was improper for Plaintiff to name Greenberg and Lieberman as individual defendants. Defendants explain that although Liebeenberg was a partnership at the time of the trademark filing, that entity has now achieved corporate status and has licensed use of the mark to Greenberg and Lieberman.

In the event that this case is not dismissed, Defendants seek, in the alternative, an order transferring this matter to the United States District Court for the Southern District of New York. Transfer is sought pursuant to 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interests of justice.

Plaintiff opposes the dismissal motion on the ground that Liebeenberg was listed as a partnership on the relevant trademark filing, with Defendants Lieberman and

Greenberg listed as the partners. In the event that this court holds that the proper party defendant is Liebeenberg, Inc. Plaintiff seeks to amend his complaint to name the corporate defendant rather than face outright dismissal.

Plaintiff opposes the transfer motion on the ground that venue is proper here and Defendants have set forth no facts indicating that the interests of justice require transfer.

## DISCUSSION

### I. *Dismissal Motion*

■ The court denies the motion to dismiss. When Plaintiff commenced this lawsuit it was reasonable for him to name Lieberman and Greenberg as individual defendants. The public filing in the PTO indicates that the mark is owned by a partnership comprised of the named defendants. A copy of that filing was provided to Plaintiff by Defendants as an exhibit to their cease and desist letter, which letter was written on Greenberg and Lieberman letterhead. Under these circumstances, Plaintiff reasonably assumed that Greenberg and Lieberman owned the mark and were the proper defendants.

It appears, however, that the mark is now owned by Liebeenberg, Inc., a corporation. Having been recently presented with this information, Plaintiff seeks leave to amend his complaint to name this entity as the defendant herein. Rather than dismiss this matter, the court grants Plaintiff's request to amend his complaint to name the corporate defendant.

### II. *Transfer Motion*

#### A. *General Principals*

■ Defendants move for a change of venue pursuant to 28 U.S.C. § 1404 ("Section 1404"). Section 1404 allows for transfer for the convenience of the witnesses or parties and in the interests of justice. 28 U.S.C. § 1404(a). The burden on such a motion is on the party seeking transfer. *Schwartz v. Marriott Hotel Servs., Inc.,* 186 F.Supp.2d 245, 248 (E.D.N.Y.2002); *Jones v. United States,* 2002 WL 2003191 *2 (E.D.N.Y. August 26, 2002); *Longo v. Wal–Mart Stores, Inc.,* 79 F.Supp.2d 169, 170–71 (E.D.N.Y.1999).

■ When considering whether the discretion to transfer should be exercised, the court considers first whether venue is proper in the proposed transferee district. *Longo,* 79 F.Supp.2d at 171; *Laumann Mfg. Corp. v. Castings U.S.A., Inc.,* 913 F.Supp. 712, 720 (E.D.N.Y.1996); *see* 28 U.S.C. § 1404(a) (allowing for transfer to any district where the action "might have been brought"). If the proposed venue is proper, the court then considers whether transfer will serve the convenience of witnesses and parties and is in the interests of justice.

■ To make this determination, the court looks to several factors, including: (1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum and (9) the interests of justice. *See, e.g., Schwartz,* 186 F.Supp.2d at 248; *Longo,* 79 F.Supp.2d at 171.

■ The court is mindful that Section § 1404(a) protects those involved in litigation from needless inconvenience and costs. *Castaneira v. Gannon,* 1999 WL 1487630 *3 (E.D.N.Y. Dec. 16, 1999). Nonetheless, deference is to be given to plaintiff's choice of forum and transfer

should be ordered only if the balance of conveniences weighs strongly in favor of the change of forum. *See Innovations Enterprises Ltd. v. Haas–Jordan Co., Inc.,* 2000 WL 263745 *2 (E.D.N.Y. Jan. 4, 2000); *Pall Corp. v. PTI Tech., Inc.,* 992 F.Supp. 196, 200 (E.D.N.Y.1998). Where transfer would merely shift the inconvenience from one party to the other, plaintiff's choice of forum is not to be disturbed. *Innovations Enterprises,* 2000 WL 263745 *2; *Pall Corp.,* 992 F.Supp. at 199.

### B. *Transfer Is Not Warranted*

■ Defendants' motion to transfer this matter to the Southern District of New York is supported only by the argument that it is easier for them to travel to Manhattan than to Central Islip. The principal argument relies on the asserted fact that there is often traffic on the Long Island Expressway and it is somehow "unjust" to require Defendants to "schlep" all the way "out to the Eastern District."

In support of his choice of venue, Plaintiff argues that his principal place of business is in Nassau County, Defendants' cease and desist letter was written to Plaintiff at his office in that county and Defendants have advertised their services within this District.

Aside from the excessive schlep argument, Defendants have failed to articulate a single reason why transfer is warranted. They have not identified particular witnesses, the location of documents or other sources of proof. Nor have Defendants addressed any of the other issues referred to above that are relevant to the transfer issue. Instead, the motion stands or falls on the issue of traffic on the Long Island Expressway. That traffic (which, incidentally, would likely be against the usual west to east flow) is insufficient to warrant transfer and the motion is therefore denied.

It is worth noting that the trip that Defendants would impose on Plaintiff, the east to west trip from Syosset to Manhattan, is also a schlep. Such a trip can take hours. Additionally, Defendants may be surprised to learn is that airplanes have been known to land in an airport that is conveniently located way "out in the Eastern District." That airport is located in Islip, New York. It is approximately a twelve minute drive from that airport to the Central Islip Federal Courthouse—not a schlep at all. Indeed, the ride from the Islip airport to the Long Island Courthouse is most pleasant when compared with the commute from New York's Laguardia or Kennedy airports to the Southern District Courthouse in Manhattan.

As noted above, Plaintiff's forum choice is not to be disturbed unless justice weighs heavily in favor of transfer. Here, it does not. In light of the foregoing, the court holds that transfer of this matter pursuant to 28 U.S.C. § 1404(a) is not appropriate.

### *CONCLUSION*

For the foregoing reasons, Defendants' motion to dismiss the complaint is denied. Plaintiff is granted twenty days from the date of this order in which to amend his complaint to name as a defendant the corporation that owns the trademark at issue. The motion to transfer this matter to the Southern District of New York is also denied. If they have not already done so, the parties are ordered to contact the Magistrate Judge assigned to this matter so that discovery may proceed.

SO ORDERED.