Dominick **CALABRESE**, Plaintiff,

v.

**TEOCO CORPORATION**, Defendant.

No. CV–08–4722.

United States District Court,
S.D. New York.

July 21, 2009.

Rivkin Radler LLP, by Kenneth A. Novikoff, Esq., Uniondale, NY, for Plaintiff.

Isler Dare Raye Radcliffe & Connolly, P.C., by Michelle B. Radcliffe, Esq., Vienna, VA, for Defendant.

### MEMORANDUM AND ORDER

WEXLER, District Judge:

This is a diversity action commenced by Dominick Calabrese ("Plaintiff" or "Calabrese") against his former employer, Defendant Teoco Corporation ("Defendant" or "Teoco"). Plaintiff seeks unpaid sales commissions as well as statutory damages and attorney's fees pursuant to the Sections 191 and 198 of the New York State Labor Law. Presently before the court is Defendant's motion pursuant to 42 U.S.C. § 1404(a) seeking transfer to the United States District Court for the Eastern District of Virginia. For the reasons set forth below, the motion is denied.

### BACKGROUND

I. *The Parties and the Factual Allegations of the Complaint*

Plaintiff is an individual who resides in the State of New York, in this district. Prior to his resignation in November of 2008, Plaintiff was employed by Teoco as a

salesman. Teoco is a Delaware corporation with its principal place of business located in Fairfax, Virginia. The facts set forth below are drawn from Plaintiff's complaint, and assumed to be true at this juncture.

Prior to his employment by Teoco, Plaintiff was employed, since approximately 2003, as a salesman by Vero Systems, Inc. ("Vero"), a New Jersey corporation with its principal place of business in Howell, New Jersey. While at Vero, Plaintiff alleges that he was paid an annual salary, plus sales-based commissions that were calculated pursuant to an agreed upon formula. Plaintiff alleges that he earned in excess of $600,000 in sales commissions between January 1, 2006 and August 31, 2008. On or before October 1, 2008, Vero became a wholly owned subsidiary of Teoco, and Plaintiff was thereafter an employee of Teoco. According to Plaintiff, the overwhelming majority of the work performed for Vero and Teoco was conducted from his home office on Long Island.

Plaintiff alleges that as of the date of the Vero acquisition, he was owed approximately $436,000 in earned commissions. In support of his claim, Plaintiff states that on September 6, 2008, prior to the acquisition of Vero by Teoco, Clay Herron ("Herron"), Vero's CFO, acknowledged that Plaintiff was owed the commission payments alleged. On October 31, 2008, after the acquisition, Atul Jain ("Jain"), CEO of Teoco, is alleged to have sent a letter to Plaintiff stating that if he wished to continue his employment he would be required to forfeit $164,921.04 of the owed sum, and collect only $271,977.37. Plaintiff did not sign the letter as required, and states that he has not been paid any of the commissions owed. On November 11, 2008, counsel retained by Plaintiff sent a letter demanding payment of the commission allegedly owed. Three days later,

Defendant sent Plaintiff a check in the amount of $271,977.37. On approximately November 17, 2008, Plaintiff left the employ of the Defendant.

## II. *The Cause of Action Alleged*

Plaintiff seeks payment of commissions pursuant to Section 191 of the New York State Labor Law ("Section 191"). Section 191 requires the payment of earned sales commissions within five days after the termination of a contract between a principal and a sales representative. N.Y.S. Labor L. § 191(1). That section further provides that a principal who fails to timely pay earned commissions is liable for double damages. N.Y.S. Labor L. § 191(1)(3). Additionally, the prevailing party in a Labor Law action to recover unpaid commissions is entitled to an award of attorneys fees, costs and disbursements. N.Y.S. Labor L. § 191(1). Alleging wilful failure to pay earned commissions, Plaintiff further seeks statutory liquidated damages, pursuant to Section 198 of the New York State Labor Law, equal to 25% of the total amount of the wages found to be due. *See* N.Y.S. Labor L. § 198(1–a).

## III. *Defendant's Motion*

Defendant moves, pursuant to 28 U.S.C. § 1404(a). for transfer of venue to the United States District Court for the Eastern District of Virginia. Defendant does not challenge the propriety of venue in this District, nor the issue of personal jurisdiction. The motion seeks transfer under the statute for the alleged convenience of the parties and witnesses, and in the interests of justice. After outlining applicable legal principles, the court will turn to the merits of the motion.

## DISCUSSION

### I. *Transfer: General Principles*

■ 28 U.S.C. § 1391 ("Section 1391") governs the issue of propriety of venue.

28 U.S.C. § 1404 ("Section 1404") and 28 U.S.C. § 1406 ("Section 1406") govern change of venue. Where, as here, the forum chosen is proper under Section 1391, Section 1404(a) allows for transfer for the convenience of the witnesses or parties and in the interests of justice. 28 U.S.C. § 1404(a). The burden on such a motion is on the party seeking transfer. *Catti v. Diamedix Corp.*, 2006 WL 515475 *2 (E.D.N.Y.2006); *Schwartz v. Marriott Hotel Servs., Inc.*, 186 F.Supp.2d 245, 248 (E.D.N.Y.2002); *Jones v. United States*, 2002 WL 2003191 *2 (E.D.N.Y.2002); *Longo v. Wal–Mart Stores, Inc.*, 79 F.Supp.2d 169, 170–71 (E.D.N.Y.1999).

■ When considering whether the discretion to transfer should be exercised, the court considers first whether venue is proper in the proposed transferee district. *Longo*, 79 F.Supp.2d at 171; *Laumann Mfg. Corp. v. Castings U.S.A., Inc.*, 913 F.Supp. 712, 720 (E.D.N.Y.1996); *see* 28 U.S.C. § 1404(a) (allowing transfer to any district where the action "might have been brought"). If the proposed venue is proper, the court then considers whether the transfer will serve the convenience of the witnesses and parties and is in the interests of justice. *GLMKTS, Inc. v. Decorize, Inc.*, 2004 WL 2434717 *1 (E.D.N.Y. 2004).

■ To make this determination, the court looks to several factors, including: (1) convenience of the witnesses; (2) convenience of the parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to plaintiff's choice of fo-

rum and, (9) the interests of justice. *Ryan v. Tseperkas*, 2008 WL 268716 *2 (E.D.N.Y.2008); *In re Hanger Orthopedic Group, Inc. Securities Litigation*, 418 F.Supp.2d 164, 167–68 (E.D.N.Y.2006); *Catti*, 2006 WL 515475 *2; *see, e.g., Kroll v. Lieberman*, 244 F.Supp.2d 100, 102 (E.D.N.Y.2003); *Schwartz*, 186 F.Supp.2d at 248; *Longo*, 79 F.Supp.2d at 171.

■ This Court is mindful that Section 1404(a) protects those involved in litigation from needless inconvenience and costs. *Catti*, 2006 WL 515475 *2; *Castaneira v. Gannon*, 1999 WL 1487630 *3 (E.D.N.Y.1999). Nonetheless, deference is to be given to plaintiff's choice of forum and transfer should be ordered only if the balance of conveniences weighs strongly in favor of the change of forum. *GLMKTS*, 2004 WL 2434717 *3; *Kroll*, 244 F.Supp.2d at 103; *Innovations Enterprises Ltd. v. Haas–Jordan Co., Inc.*, 2000 WL 263745 *2 (E.D.N.Y.2000). Where transfer would merely shift the inconvenience from one party to the other, plaintiff's choice of forum is not to be disturbed. *Catti*, 2006 WL at *2; *Innovations Enterprises*, 2000 WL at *2.

## II. *Arguments of the Parties*

In support of the motion to transfer this matter to Virginia, Defendant first notes that it is a corporation with its principle place of business in Virginia,[1] and that Plaintiff concedes that venue would be proper there. The court turns to identify the parties' arguments with regard to the factors identified above.

With respect to convenience of the witnesses, Defendant argues that this factor strongly favors a transfer to Virginia. In support of this argument, Defendant

---

1. While Plaintiff alleges that Teoco is incorporated in the State of Virginia, Defendant alleges it is a Delaware corporation. Resolution of this matter is not important to the determination of the issue before the court in this matter.

points to the location of several fact witnesses, many of whom are former Vero employees who are currently employed by Teoco. Next, Defendant argues that the relevant business records are currently located in Teoco's Fairfax, Virginia headquarters and, except for whatever documents the Plaintiff kept, there are no relevant records located in New York. Defendant also claims that the locus of operative facts occurred primarily in Virginia. The Defendant's final contention is that neither party has disclosed any witness who works or resides in a location that is closer to the Eastern District of New York than the Eastern District of Virginia.

In support of his argument that venue should remain in this court, Plaintiff notes that courts generally give much weight to the Plaintiff's choice of forum, and that Plaintiff's choice should only be subverted when "the balance of convenience and justice weigh heavily in the favor of defendant's forum. . . ." *Citigroup, Inc. v. City Holding*, 97 F.Supp.2d 549, 561 (S.D.N.Y. 2000). Plaintiff argues that Defendant has not come forward with sufficient evidence to upset the Plaintiff's choice of forum. As for the convenience of the witnesses, Plaintiff argues that all witnesses identified by Teoco are employees and/or officers of that company, and their convenience is not as compelling of a factor as that of non-party witnesses. *See Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F.Supp.2d 395, 402 (S.D.N.Y.2005) ("[t]he convenience of non-party witnesses is accorded more weight than that of party witnesses."). Furthermore, of the five employees identified by Teoco who may potentially be called as witnesses, Plaintiff notes that only two work in the Virginia office, while the remainder work significant distances from Virginia. Plaintiff also argues that the locus of operative fact is not within the Eastern District of Virginia, as the Defen-

dant contends but in this District. Finally, it is pointed out that this court has greater familiarity with the New York statute that forms the basis of Plaintiff's sole cause of action.

### III. *Disposition of the Motion*

■ As a threshold matter, the court concludes that venue is proper both here and in the proposed transferee forum, the Eastern District of Virginia. However, upon consideration of the factors referred to above, the court declines to exercise its discretion to transfer this matter.

As to the location of witnesses, the court notes that key witnesses identified by Defendant, including former Vero CFO Clay Herron, and former Vero CEO Brian Cafferty, are not based in Virginia. Herron's office is in Atlanta, Georgia, and Cafferty's office is located in California. Similarly, Jeffery Ellery, also identified as a witness and former Vero employee, works out of an office located in Colorado. While Defendant points out that these witnesses could easily travel to Virginia, they could just as easily, if not more easily, make the trip to New York. Herron and Cafferty are clearly important witnesses, and Defendant did not identify any witnesses for whom Virginia would be a significantly more convenient forum.

Defendant further contends that because the witnesses are employees of Teoco, if they were to travel to Virginia to participate in litigation, they would be able to continue their work from the Virginia headquarters. While this might make Virginia a more convenient location for the Defendant company, it would not so inconvenience the witnesses so as to require transfer. While the convenience of the parties is a factor to be taken into consideration, the purpose of transferring venue is not to just move the inconvenience from

one party to another. *Schwartz*, 186 F.Supp.2d at 250. As the Plaintiff correctly points out, any inconvenience that Defendant would face by having to travel to New York to litigate would be equal, or lesser, to the inconvenience the Plaintiff would suffer in traveling to Virginia. Additionally, this is not a highly complicated case, and the trial of this matter would likely be concluded in less than a week. Because the key witnesses identified appear to be dispersed across the United States, the court holds that Defendant has not shown that the convenience of witnesses is a factor weighing in favor of transfer. Instead, the court finds this factor to be neutral.

The locus of operative facts factor similarly does not favor transfer because although the Defendant is headquartered in Virginia, many of the facts surrounding the dispute took place outside of Virginia. The Plaintiff earned the commissions while working out of his home office in New York and while working for Defendant's predecessor company, located in new Jersey. The mere fact that Defendant maintains its current corporate headquarters in Virginia does not necessarily require a finding that Virginia is the locus of operative facts. This is especially true where, as here, the commissions earned appear to have been earned outside of the corporate home of the Defendant. Since plaintiff alleges commissions earned while working in New York, this factor weighs in favor of maintaining the Plaintiff's choice of forum.

Defendant's argument concerning the location of relevant documents and information is accorded little weight because documents and information can easily be transmitted distances much further than the distance between New York and Virginia with the help of computers, scanners and fax machines. *See Fireman's Fund Ins. Co. v. Personal Communications De-vices, LLC*, 2009 WL 1973534 *5 (S.D.N.Y. 2009). Important documents are alleged to have been transmitted via electronic mail, which is accessible virtually everywhere. The fairly uncomplicated nature of the case and the limited time frame that it encompasses makes the location of documents even less important.

As to trial efficiency, the court notes that its calendar is up to date, and there is little burden in adding this matter to the court's docket. While the court has little doubt that the proposed transferee district could well handle this matter, this court will timely accommodate the needs of the parties. Accordingly, the factor of judicial economy does not favor transfer. Finally, while there is little doubt that the Virginia court is able to interpret New York law, this court is more familiar with the New York statutory claim forming the basis of this lawsuit.

In sum, the court holds that Defendant has failed to sustain its burden of showing that the convenience of parties and witnesses, and the interests of justice require upset of the Plaintiff's choice of this proper forum. Accordingly, the motion to transfer is denied.

*CONCLUSION*

For the foregoing reasons, Defendant's motion to transfer is denied. The Clerk of the Court is directed to terminate the motion. Counsel are directed to contact the Magistrate Judge assigned to this case to arrange for an initial conference and to enter into an appropriate discovery schedule.

SO ORDERED.